172 So.2d 239 (1965)
SOUTHEASTERN SALES AND SERVICE CO., a Florida Corporation, Appellant,
v.
T.T. WATSON, INC., a Florida Corporation, Appellee.
No. 4905.
District Court of Appeal of Florida. Second District.
February 26, 1965.
*240 Helen C. Ellis, of Holland, Bevis, Smith & Kibler, Bartow, for appellant.
David G. Bowman, of Burket, Smith & Bowman, Sarasota, for appellee.
SMITH, Chief Judge.
The appellant-defendant appeals from a final judgment rendered in favor of the appellee-plaintiff in a contract action which was tried without a jury.
The facts are not in material dispute. The plaintiff, a general contractor, received public notice inviting bids for the construction of a building. These bids were to be submitted subject to the condition they could not be withdrawn for 30 days. In preparing its bid the plaintiff solicited and received a bid from the defendant for the steel fabrication and erection parts of the main contract. The defendant's bid was substantially less than three other bids for the same work received by the plaintiff. The plaintiff called the defendant on the telephone and inquired if the bid included everything in the specifications and upon receiving an affirmative answer used this amount in submitting its bid for the general contract. The general contractor's bid did not and was not required to list subcontractors.
All of the foregoing took place in one day. On the following day the owner's architect called the plaintiff to find out the name of the subcontractor for the steel fabrication and was advised that it was the defendant's bid which had been used by the plaintiff in its bid to the owner. About an hour later the defendant discovered a substantial error in its calculations and advised the plaintiff it was withdrawing its bid. Ultimately the defendant refused to perform according to the terms of its bid and the plaintiff subcontracted the work to another. On these facts the plaintiff obtained a judgment against the defendant for an amount representing the difference between defendant's bid and that of the next lowest subcontractor.
The foregoing facts fail to show the existence of a valid contract in terms of either (1) an offer and an acceptance prior to the withdrawal of defendant's offer, or (2) consideration necessary to support a unilateral offer. Even so the plaintiff contends the defendant could not deny the validity of its offer because of the doctrine of promissory estoppel.
At the outset it should be recognized that so-called "promissory" estoppel is a qualification of or an exception to that doctrine, well-rooted in the sub-soil of Florida law, known as "equitable" estoppel or estoppel "in pais." Coogler v. Rogers, 1889, 25 Fla. 853, 7 So. 391. "Promissory" estoppel differs from ordinary "equitable" estoppel in that the representation is promissory rather than as to an existing fact. 31 C.J.S. Estoppel § 80, p. 469. Since the offer or promise in our case relates to a future act of the promisor, as opposed to some representation of a present fact by him which he later tried to deny, equitable estoppel has no application. Therefore we concern ourselves with the question of whether or not this is a case calling for the application of promissory estoppel. We find that it is not and reverse.
*241 The doctrine of promissory estoppel broadly stated is that a promise, which the promisor should reasonably expect to induce action or forbearance of a substantial character on the part of the promisee and which does produce such action or forbearance is binding if an injustice can be avoided only by enforcement of the promise.[1] It has been variously stated that the doctrine supplies the missing element of consideration to make the offer a contract or that it makes the offer irrevocable.
The above doctrine has been accepted in some states and rejected in others. Between those states which recognize the doctrine there is a split of authority as to when it should and should not be applied. One line of cases takes the limited view that the doctrine only applies in those cases where the representation was with respect to an intended abandonment of existing rights.[2] The other line of cases applies the doctrine where one has led another to act in reasonable reliance on his representations of intent  that is, representations made as to future intent or events as distinguished from representations of fact as to past or present events or intent.[3] Much can be and has been said for both points of view and we recognize that the line of cases adhering to the limited view of applicability and holding that a true statement as to a present intention is not a foundation upon which an estoppel may be built have been severely criticized[4] and rejected.[5]
We find no Florida case which has applied the doctrine of promissory estoppel. The Supreme Court, however, in a case which ruled the doctrine inapplicable indicated that any such application in Florida would be under the limited view.
"The authorities recognize and apply the doctrine of promissory estoppel when the promise or representation relates to the abandonment of existing rights; but, ordinarily, a truthful statement as to the present intention of a party with regard to his future act is not the foundation upon which an estoppel may be built." South Inv. Corp. v. Norton, Fla. 1952, 57 So.2d 1.
In this opinion the court cited Fiers v. Jacobson, 1949, 123 Mont. 242, 211 P.2d 968, which clearly so limits the doctrine.
Much can be said for this line of reasoning in terms of our present case. For example, (1) the general contractor was not bound to accept the bid of the subcontractor; (2) the general contractor could have insisted on a contract instead of a bid; (3) the bid was far out of line with others received, indicating probable error; and (4) the general contractor could have sought relief from his own bid.
Also following the Norton case, supra, we are not persuaded here as the Supreme Court was not persuaded in that case,
"that this is a case where to refuse to enforce the oral promise `would be virtually to sanction the perpetration of fraud or would result in other injustice.' 19 Am.Jur., Estoppel, section 53."
Our conclusion is further fortified by the fact that in Florida a general contractor may obtain equitable relief from a *242 bid containing a unilateral mistake under the circumstances enumerated in State Board of Control v. Clutter Construction Corporation, Fla.App. 1962, 139 So.2d 153.
The judgment is reversed with directions to enter a judgment for the defendant.
SHANNON and WHITE, JJ., concur.
NOTES
[1] The Am.Law Inst. Restatement of Contracts, § 90, 20 Va.Law Rev. 214, 28 Ill. Law Rev. 420, 19 Am.Jur., Estoppel, § 52; 31 C.J.S. Estoppel § 80.
[2] R.J. Daum Construction Co. v. Child, 1952, 122 Utah 194, 247 P.2d 817; Robert Gordon, Inc. v. Ingersoll-Rand Co., C.C.A.7th, 1941, 117 F.2d 654; James Baird Co. v. Gimbel Bros., Inc., C.C.A. 2nd 1933, 64 F.2d 344.
[3] Drennan v. Star Paving Co., 1958, 51 Cal.2d 409, 333 P.2d 757.
[4] 20 Va.Law Rev. 214, 28 Ill.Law Rev. 420.
[5] Northwestern Engineering Co. v. Ellerman, 1943, 69 S.D. 397, 10 N.W.2d 879, and Robert Gordon, Inc. v. Ingersoll-Rand Co., supra.