BAILES, Judge.
Plaintiff herein brought this action against the public liability insurance carrier of her husband to recover damages for certain injuries she received in a collision between the vehicle in which she was riding as a guest passenger and a utility pole in the 2100 block of Government Street in the city of Baton Rouge, Louisiana, on November IS, 1964. On the occasion of this accident, the vehicle was driven by plaintiff’s husband.
During the late afternoon of Sunday, November 15, 1964, plaintiff returned to the family home after having been away since the previous Friday. Shortly after she came home, she and her husband decided to have supper at a local restaurant, and on the way to the restaurant from their home this accident occurred.
The evidence shows that the host driver had taken with him in the car an open can of beer which he placed on the seat next to his right hip. As he proceeded along the 2100 block of Government Street he reached for the can of beer and in doing so he looked to his right to locate the can. In some manner unknown to him, he lost control of the automobile and it crashed into a utility pole. As a result of the crash, plaintiff suffered injuries to her body which will be more fully explained infra.
Plaintiff alleged the accident was caused by the negligence of her husband in failing to keep the automobile under proper control and allowing it to leave the paved portion of the street and collide with a utility pole. Defendant denied the driver-husband was guilty of any negligence. Al *483 ternatively, defendant pleaded plaintiff’s claim is barred by her contributory negligence consisting of the following, to wit:
A. Failure to take proper precautions for her own safety.
B. Entering the automobile when she knew that the driver, her husband, . had been drinking, and in fact, had been drinking with him.
C. Permitting her husband to drive the automobile while consuming alcoholic beverages.
D. Failure to protest her husband’s operation of the vehicle while he was drinking from a can of beer.
E. Failure to protest against the manner of operation of the vehicle by her husband.
F. Failure to warn the driver of the vehicle when she saw or should have seen that collision with curb of the road and with a light pole was imminent.
Defendant further alleged, in its answer, that by her actions plaintiff was contribu-torily negligent and assumed all risks incident to her presence in the car and defendant’s insured’s manner of operating the same.
The evidence shows that Mr. Collier, the host driver, had not drunk more than three cans of beer over a period of from two to two and one-half hours prior to the collision, and in fact, the third can of beer had not been fully or entirely consumed at the time of the accident. The first two cans of beer had been consumed by Mr. Collier prior to the time Mrs. Collier, the plaintiff, arrived home. She denied she knew her husband had had any beer prior to her arrival. It appears that shortly after Mrs. Collier returned home, her husband opened a can of beer for himself and at the same time opened plaintiff a can also. Prior to entering the automobile to drive to the restaurant for supper, plaintiff consumed her can of beer, however, as her husband had not finished his beer he took it with him in the car. Plaintiff testified she took a sip or two from this can, too. There is no evidence whatever in the record to show that Mr. Collier was even slightly under the influence of intoxicating beverages, or that his physical or mental faculties were in any way impaired by the beer he had consumed.
Mr. Collier testified he was not in any way adversely affected, Mrs. Collier testified his behavior was entirely normal and his reactions unimpaired, and'the officer who investigated the accident testified Mr. Collier’s speech was clear, gait steady, that he did not detect the odor of alcohol about him, and that he could see no evidence that he had been drinking.
The trial court found defendant had not proved its special defense of contributory negligence on the part of plaintiff, that there was no assumption of risk, and that the accident was caused solely and entirely by the negligence of plaintiff’s husband and awarded judgment in favor of plaintiff and against defendant in the amount of $10,000. Defendant appeals from this adverse judgment.
In its brief, defendant urges us the trial court erred in finding plaintiff had not assumed the risk in riding with her husband, knowing that he had been drinking; in not finding plaintiff guilty of contributory negligence in not protesting against her husband driving after he had been drinking and in drinking with him; and in not holding plaintiff guilty of contributory negligence because she failed to watch her husband’s driving; and finally in awarding excessive damages.
In support of its contention of contributory negligence and assumption of risk on the part of plaintiff, defendant cites the cases of Woods v. King (1959) La.App., 115 So.2d 232; Elba v. Thomas (1952) La.App., 59 So.2d 732; Stalsby v. Powell *484 (1962) La.App., 146 So.2d 279; and Johnson v. Gill (1963) La.App., 148 So.2d 383, as controlling of the instant case and the application of which will require a denial of recovery to this plaintiff. In the Woods case, the driver of the vehicle in which the plaintiff was injured had been drinking beer for several hours and consumed an unspecified quantity during this period while visiting a number of taverns, and the evidence established that the driver of the vehicle was not in possession of her normal mental and physical faculties, and the plaintiff knew or should have known of this condition. In the Elba case, the plaintiff wife was at a six hour drinking party with her husband and knew he was drinking and knew of his drunken condition. In the Stalsby case, the plaintiff had been drinking both beer and whiskey with the host driver all day and knew or should have known his host driver was in a drunken condition. In the Johnson case, the court held the deceased guest passenger should have realized that the driver was in no condition to safely and properly operate an automobile, as both deceased and driver had for some three to five hours preceding the accident begun making a round of bars and clubs imbibing in intoxicants.
In all of these cited cases discussed above, the court held, and correctly so, that recovery of a guest passenger is barred by his knowingly and voluntarily assuming the particular risk of riding with an intoxicated driver. Although a defense so predicated is sometimes characterized as contributory negligence it is more properly designated as assumption of risk.
The holding of the courts in the above cited cases has no application to the instant case for the simple reason the defendant has utterly and completely failed to establish that plaintiffs husband was operating the vehicle to any extent under the influence of an intoxicant. All of the proof in the record on this point, establishes that Mr. Collier was completely normal and in full command of his faculties.
Defendant also cites the case of Dickson v. Peters (1956) 87 So.2d 187. This case is not apropos to the issue before us. In the Dickson case there was no question of liability arising from riding with an intoxicated driver, however, the court therein cited and quoted in part from the case of White v. State Farm Mut. Auto. Ins. Co., 222 La. 994, 64 So.2d 245, 42 A.L.R. 2d 338, to the effect that recovery by a guest passenger may be refused when he has knowingly assumed a particular risk, such as riding with an intoxicated driver or one otherwise competent. This is obiter dictum in the Dickson case, but it is a statement of good law when applied to the proper circumstances. It has no application to the instant case for the same reasons the other cases cited by defendant are inapposite.
We find this accident was caused solely and entirely by the negligence of the plaintiff’s husband in failing to keep a proper lookout and being inattentive to his driving duties in permitting the automobile to get beyond his control, leave the travelled portion of the street and crash into the utility pole. We find no contributory negligence or assumption of risk on the part of Mrs. Collier, the plaintiff.
In this accident, plaintiff suffered the fracture of the 4th, 5th, 6th, 7th and 8th ribs on the right, all without displacement, a compound comminuted fracture of the anterior process of the mandible, the loss of seven permanent teeth in the front on the lower jaw or mandible, and severe and disfiguring lacerations of the chin, lips, oral mucosa, and contusions and abrasions all over her body. Immediately after the accident, plaintiff was taken to the hospital where her wounds were attended by doctors. She remained in the hospital for a week. She suffered severe pain both *485 from the rib fracture and the lacerations on her face for a considerable length of time after the accident. The oral surgeon who repaired her mouth medically testified it took approximately 90 stitches to close the wounds on her face and mouth. By reason of the loss of the permanent teeth, extensive dental reconstruction has been necessitated. It will be necessary, because the natural ridge on the mandible having been lost through this trauma which removed the seven teeth, to implant magnets within the gums to aid and assist in holding the dental processes to be installed as a replacement of the missing teeth. At the time of the trial sixteen trips had been made to the dentist for work toward re-páir of the oral damage. It was estimated a great number of trips yet would be required. It was further shown replacement of the appliances would be required through the years because of organic changes which will take place in her mouth. It was also shown that the scars on this lady’s face are prominent and disfiguring. In the surgical repair of plaintiff’s mandible it was necessary to immobilize her jaws and she remained on a liquid diet for at least a month, or longer.
Defendant has cited us a number of cases in which the awards have ranged from $3,000 to $7,500, however we believe it would serve no constructive purpose to distinguish each of the cited cases. We believe the instant case, taking into consideration all of the attendant circumstances, distinguishes it from the cited cases. The trial judge, who heard and saw the plaintiff, observed her dental deficiences and the disfigurement of her face and observed the expert witnesses, awarded plaintiff the sum of $10,000. We can find no fault with this award, and it is our conclusion that it is reasonable, fair and adequate.
We affirm the trial court.
Affirmed.
LEAR, J., recused.