McDonald, PARKER LEE, Associate Judge.
Perry Publications, Inc., (hereafter referred to as Perry) appeals from a judgment entered against it in favor of Bankers Life and Casualty Company (hereafter referred to as Bankers).
The case was tried on stipulated facts. Those facts reveal that in consideration of the conveyance of real property by Bankers to Perry, Perry granted Bankers advertising credit of the value of Fifty Thousand Dollars ($50,000.00) to be used in papers owned by Perry. This credit was to be used up or exhausted during a period of thirty-six months. About five months before the expiration of the credit time, and at a time when a substantial portion of the credit had not been used, Bankers requested from Perry an extension of one year from the original expiration date within which to use the credit. Perry agreed in writing to this extension. It was stipulated that Bankers had the ability to consume or use the credit to achieve the benefit of its bargain within the allotted time, but upon receiving the extension of time, did not do so.
Thereafter, Perry sold its newspapers, thereby placing itself in a position where it could not complete the contract of affording advertising to Bankers. Bankers filed this suit to recover the value of the unused portion of the advertising. The trial judge entered judgment in favor of Bankers to that extent.
*605 The theory of the Bankers’ case is that of promissory estoppel. This doctrine has not been successfully utilized in Florida thus far in any reported cases, but reference is made to it in two cases (South Inv. Corp. v. Norton (Fla.1952) 57 So.2d 1 and Southeastern Sales & Service Co. v. T. T. Watson, Inc. (Fla.App.1965) 172 So.2d 239). In the latter, the Court stated the “doctrine of ‘promissory estoppel’ broadly stated is that a promise, which the promi-sor should reasonably expect to induce action or forbearance of a substantial character on the part of promisee and which does produce such action or forbearance is binding if an injustice can be avoided only by enforcement of the promise.”
The facts of this case fall within that definition and the doctrine was properly utilized in this instance.
The Judgment is, therefore, affirmed.
CROSS, C. J., and REED, J., concur.