264 So.2d 440 (1972)
ELGIN NATIONAL INDUSTRIES, INC., Appellant,
v.
HOWARD INDUSTRIES, INC., Appellee.
No. 72-132.
District Court of Appeal of Florida, Third District.
July 5, 1972.
Rehearing Denied July 27, 1972.
Horton, Schwartz & Perse, Weiner & Rubin, Miami, for appellant.
Richard Kanner, Miami, for appellee.
Before BARKDULL, C.J., and CHARLES CARROLL and HENDRY, JJ.
PER CURIAM.
This is an appeal by the defendant below from a judgment for specific performance of a contract for the sale of real estate. We hold that no reversible error has been shown, and that the judgment should be affirmed.
After certain offers had been made and rejected, the parties made an oral agreement on October 6, 1971, as to price and terms of sale. In confirmation thereof a letter was written to the purchaser by the seller, through its vice president, on October 11, 1971. That letter was in the form of an offer by the seller, stating: "As I promised you last week, I am writing this letter to set forth the general terms and conditions upon which Elgin National Industries, Inc. is willing to sell Howard Industries, Inc. the building and land at 8130 N.W. 74th Avenue, Medley, Florida. (1) The purchaser will have the option to purchase the property until 4:00 P.M. October 25, 1971 * * *" Further therein it was related that the terms and provisions of the sale as there outlined would be included in "a definitive purchase agreement" to be prepared by a named officer of the seller by October 31, and that the sale contract was to be closed on December 7, 1971. It was provided therein that the terms and conditions stated were subject to "approval of the board of directors of Elgin National Industries, Inc."
*441 On or about October 18 the seller received an offer from another party for purchase of the property at a higher figure. On said date seller notified the plaintiff-purchaser, by telephone, that an executive committee of the seller corporation had rejected his offer and had accepted a higher offer of a third party. On October 22 the purchaser endorsed its agreement to the provisions of the offer of October 11 and forwarded such written acceptance to the seller.
Further facts, as found by the trial court were "that the offer was unconditionally accepted on behalf of the plaintiff by a telephone conference with the defendant's counsel on October 14, 1971 and that defendant's counsel advised him a formal contract of sale was being prepared and was being mailed." The court further found that after the telephone conversation just mentioned the plaintiff "instituted engineering studies and formulated plans on an expedited basis necessary to move their factory upon the closing set for the first week in December 1971." In addition, it was shown that after the oral agreement was reached, pursuant to which the October 11 letter was written announcing an offer to be open for acceptance until October 25, and prior to that letter of October 11, the plaintiff informed the seller it intended to incur certain expenses in reliance on the offer being held open until October 25, and was assured by the seller that it could so proceed with knowledge that the offer was "firm." Whereupon the plaintiff expended $1,150 in initiating proceedings incident to mortgage financing.
The determinative question is whether, in the circumstances of the case, the seller was entitled to revoke the offer prior to October 25. The trial court held that it was not, and we agree.
The purported revocation of the offer was not predicated upon a refusal of the board of directors of the corporation to approve the terms thereof as such, but admittedly because the seller had received a more favorable offer. The trial court held that the expenditure of funds by the purchaser, upon assurance by the seller that the offer would be firm and remain open until the time specified, amounted to consideration for an option of the stated duration. The record supports that conclusion of the trial court. In addition, where the purchaser made substantial expenditures on the assurance or promise of the seller that the offer was "firm", which the purchaser was entitled to consider to be a promise by the seller to the purchaser that it could safely make the expenditures with the understanding that the offer would remain open for the specified time, the judgment of the trial court is supportable on the theory of promissory estoppel. See Southeastern Sales & Service Co. v. T.T. Watson, Inc., Fla.App. 1965, 172 So.2d 239; Perry Publications, Inc. v. Bankers Life and Casualty Company, Fla.App. 1971, 246 So.2d 604; 12 Fla.Jur., Estoppel and Waiver, 1972 Supp. § 40.
Affirmed.