302 So.2d 204 (1974)
In re ESTATE OF Berry L. INGRAM, Deceased.
Hilda H. INGRAM, Appellant,
v.
Byrl D. INGRAM, Executor, Appellee.
No. 74-239.
District Court of Appeal of Florida, Second District.
October 30, 1974.
James M. Gann, Belle Glade, for appellant.
Jack J. Rafter, Jr., Clewiston, for appellee.
HOBSON, Acting Chief Judge.
Hilda H. Ingram appeals an order denying petition for dower entered in the probate proceedings of her deceased husband.
Mrs. Ingram filed her petition for assignment of dower. The executor filed his objection on the ground that Mrs. Ingram had relinquished all rights to dower in the estate. After hearing testimony, the lower court found that there was an agreement supported by the consideration of promissory estoppel, to send the fully executed agreement between decedent and Mrs. Ingram to the deceased if a check to pay Rodman Furniture was forthcoming. The court further found that Hilda H. Ingram delivered the agreement to her counsel with full intention to be bound by it when the check was received and this resulted in the execution of a contract as if *205 there had been actual delivery of the instrument to deceased.
In contemplation of filing a dissolution of marriage action, decedent, Berry L. Ingram, signed a separation and property agreement and sent it to Mrs. Ingram for execution. Mrs. Ingram discussed the agreement with her attorney and mentioned that her employer, Mr. Rodman, asked if she could get Mr. Ingram to pay for the furniture which he had purchased several months previous. The obligation due Mr. Rodman was a debt incurred by Mr. Ingram who was liable for the satisfaction thereof. This was not Mrs. Ingram's debt and Mr. Ingram would be responsible for it under any circumstances.
On April 21, 1972, Mrs. Ingram's attorney wrote a letter to Mr. Ingram's attorney, in which he stated:
"Your secretary has informed me that Mr. Ingram has given you a check in the amount of $577.88 to cover the costs of the bedroom suit and refrigerator. If you will forward the check to me or have Mr. Ingram pay the bill directly, I will have Mrs. Ingram execute the agreement and mail it to you."
On April 24, 1972, Mr. Ingram's attorney sent Mrs. Ingram's attorney the check payable to Rodman Furniture, dated April 11, 1972. On April 26, 1972, Mrs. Ingram executed the agreement and thereafter delivered it to her attorney. The date the agreement was delivered to her attorney is not clear from the record. She testified that she wrote her attorney about two days after she had signed the instrument, and asked him to hold the papers.
On April 28, 1972, Mr. Ingram was admitted to the hospital and died on May 8. On May 12, Mrs. Ingram's attorney notified Mr. Ingram's attorney that he considered the agreement null and void.
The doctrine of promissory estoppel is not applicable in this instance. The record in this case is devoid of any evidence that Mr. Ingram was induced by reliance on the promise to take any action or forbearance of a substantial character so that an injustice could be avoided only by enforcement of the promise. Southeastern Sales & Service Co. v. T.T. Watson, Inc., Fla.App.2d 1965, 172 So.2d 239; Restatement of Contracts, § 90; Cf. Perry Publications, Inc. v. Bankers Life and Casualty Company, Fla.App. 4th 1971, 246 So.2d 604; Elgin National Industries, Inc. v. Howard Industries, Inc., Fla.App.2d 1972, 264 So.2d 440. See also, Mount Sinai Hosp. of Greater Miami, Inc. v. Jordan, Fla. 1974, 290 So.2d 484, 486, which approved the statement of the law recited by the Third District Court of Appeal.
The lower court also erred in finding that delivery of the agreement by Mrs. Ingram to her counsel constituted delivery as if there had been actual delivery to deceased.
The subject agreement was executed by the parites under seal. It is well established that to render an instrument under seal valid and binding, it must be delivered. Simpson, Contracts, § 63 (2d ed. 1965).
The Restatement of Contracts, § 102 (1932) provides:
A promise under seal is delivered unconditionally when the promisor puts it out of his possession with the apparent intent to create immediately a contract under seal, unless the promisee then knows that the promisor has not such actual intent.
Section 102 gives the following illustration:
... A delivers to B a sealed promise by A in which C is named as promisee, and requests B to give the document to C. A's apparent intent is to make B merely his own agent to deliver the document to C. There is no sealed contract until it is delivered to C. (emphasis supplied)
*206 Mr. Ingram's attorney testified that he had written to Mrs. Ingram's attorney stating that upon receipt of the agreement he would file the dissolution of marriage action.
The date the agreement was delivered to her attorney is not clear from the record. Nevertheless, Mrs. Ingram insisted throughout her testimony that she had told her attorney to "hold the papers;" that "I didn't think he really wanted a divorce, and I was sure that I didn't want a divorce;" that it was not her intention to have her attorney deliver the agreement; that she had to think of it a while longer; that even before she signed the agreement she had reservations about whether she wanted a divorce or not; and that she understood that the divorce was the purpose of the paper. It is clear from this uncontradicted testimony that it was not Mrs. Ingram's intention to be bound by the agreement when she delivered it to her attorney.
The order appealed is reversed and the cause remanded for further proceedings in accordance herewith.
BOARDMAN, J., and MANN, J. (Ret.), concur.