508 So.2d 528 (1987)
ROYAL AMERICAN DEVELOPMENT, INC., a Florida Corporation, Appellant,
v.
CITY OF JACKSONVILLE, Florida, a Municipal Corporation, Appellee.
No. BL-353.
District Court of Appeal of Florida, First District.
June 11, 1987.
Adam G. Adams, of Adams & Adams, Jacksonville, for appellant.
Gerald A. Schneider, General Counsel; Robert G. Alexander, Asst. Counsel, Jacksonville, for appellee.
WENTWORTH, Judge.
Appellant seeks review of an order by which judgment was entered for the City of Jacksonville and it was determined that appellant is not entitled to an award of damages for the city's failure to approve a public housing construction contract. We conclude that appellant is entitled to recover its preconstruction expenditures, and we therefore reverse the order appealed.
After being advised that federal funds were available for the local construction of public housing projects, the Jacksonville City Council enacted ordinances authorizing application for such funding. The city's public housing authority invited construction proposals, and after the submissions were reviewed selection of appellant's proposals on two projects was recommended. The Department of Housing and Urban Development (HUD) concurred in this recommendation, and the housing authority then notified appellant that its proposals had been tentatively selected.
The city's public housing authority also advised appellant that if they could reach a final agreement the housing authority would submit a development program to HUD, requesting a contributions contract which the housing authority would execute when tendered. Due to time constraints for project funding the housing authority instructed appellant that inadequate time *529 remained for the approval of a preliminary contract addressing payment for appellant's interim expenditures in the preparation of working drawings and specifications. Upon the urging of the housing authority appellant selected an accelerated procedure by which compensation for these services would be encompassed in the final construction contract. Appellant prepared and submitted working drawings and specifications which were approved as consistent with HUD and local requirements.
The Jacksonville City Council was then presented with proposed ordinances by which the final construction contracts might be approved. However, despite the public housing authority's recommendation the city council declined to enact these ordinances, thereby refusing to authorize final construction contracts upon appellant's proposals.
Although the city council purported to retain ultimate authority as to approval of the final construction contracts, appellant was entitled to rely on the city's representations made through the public housing authority. Having complied with all applicable local and federal requirements, appellant made preconstruction expenditures without a preliminary contract at the city's urging and with assurances that a final contract would be forthcoming. Upon the city council's repudiation of this promise appellant became entitled to recover its expenditures pursuant to the doctrine of promissory estoppel as espoused in Baxter's Asphalt, etc. v. Liberty County, 406 So.2d 461 (Fla. 1st DCA 1981), on pet. for rehearing, reversed on other grounds 421 So.2d 505 (Fla. 1982). See also, City of North Miami v. Margulies, 289 So.2d 424 (Fla. 3d DCA 1974). While these cases may be factually distinguishable, they nevertheless establish the applicability of the doctrine of estoppel in the circumstances of the present case. Appellant reasonably relied on the city's representations and assurances, and is entitled to be remedied for the city council's repudiation by reimbursement of preconstruction expenditures.
The order appealed is reversed and the cause remanded for further proceedings consistent herewith.
BOOTH, C.J., and ZEHMER, J., concur.