COWART, Judge.
The owner of the first mortgage on certain real property filed a foreclosure action joining, as parties defendants, appellees, the owners of the second and third mortgages on the property. One John A. Rai-ney, a broker interested in putting together a “deal” whereby the mortgaged property would be sold at private sale for a sum sufficient to pay the mortgages, approached appellees about buying their mortgages at a discount. Appellees executed and delivered an agreement giving Rainey an option, during a certain time period, to purchase the second and third mortgages for a sum substantially less than the full amount due on those mortgages. In this option agreement, appellees recited receipt of “One Dollar and 00/100 ($1.00) and other good and valuable consideration.” Rainey assigned the option agreement to appellant. Thereafter, after Rainey had expended considerable effort to procure a sale of the mortgaged property, appellees wrote a letter purporting to revoke the option agreement. Rainey’s efforts to cause a sale were successful and after a closing, the full amount due on the second and third mortgages was interplead-ed by the stakeholder. In the interpleader action, both appellant and appellees asserted entitlement to the full amount due on the second and third mortgages. The trial court held that because the option had not been exercised and appellees had not been paid anything of value before they revoked the option agreement, the revocation was effective and appellees were entitled to the interpleaded funds. Appellant, the option holder, appeals. We reverse.
The second and third mortgages, being inferior liens, were subject to the possibility of being “washed out” and rendered totally worthless by the foreclosure of the first mortgage. It was much to appellees’ benefit for anyone to make an effort to arrange a sale to produce purchase monies that would be used to pay some or all of the sums due on the inferior mortgages. Rainey was under no legal obligation to cause a sale. The trial court discounted Rainey s substantial and successful efforts to cause a sale and held (1) those efforts were no consideration for appellees’ option agreement because Rainey was already interested in arranging a sale, (2) any benefit to appellees and detriment to Rainey was merely “incidental” and (3) because Rainey was under no legal obligation to use efforts to cause a sale, there was no “mutuality of obligation” between the option holder and appellees.
We cannot agree. Although Rainey was endeavoring to cause a sale before appel-lees executed the option agreement, and Rainey did not, in fact, give appellees the recited $1.00 of consideration and did not give appellees a promise to endeavor to cause a sale in return for appellees' promise to sell their mortgages, nevertheless, it is obvious that the monetary benefit Rai-ney or his assignee could receive under the option agreement (the amount of the discount) if Rainey did cause a sale was, and was intended to be, incentive to cause Rai-ney to continue, or to increase, his efforts to cause a sale, notwithstanding that he may have had other incentives and would receive some other benefit if a sale occurred.[1] In this case, unquestionably after the option agreement was executed and before appellees attempted to rescind it, in reliance on it Rainey expended substantial efforts to effect a sale and those efforts were part of his total effort which resulted in the sale which produced the sums needed, and now available, to pay the sums secured by the inferior mortgages. Under these circumstances, as a matter of law, appellees should have reasonably expected their written promise to sell the inferior mortgages to Rainey at a discount to induce Rainey to continue, or to increase, his efforts to effect a sale. It did, and those efforts amounted to consideration for the option and appellees could not “withdraw their offer” or unilaterally rescind their unilateral contract after Rainey did that which he had no legal duty to do (i.e., continue efforts to effect a sale) relying on appellees’ unilateral executory agreement. Furthermore, the legal concept requiring *138 consideration was satisfied by the substitute theory of promissory estoppel. See Elgin National Industries, Inc. v. Howard Industries, Inc., 264 So.2d 440 (Fla. 3d DCA 1972) and Restatement (Second) of Contracts, § 90 (1981).
As was recently explained, there never was much legal efficacy to the notion that a contract was not binding or was unenforceable if there was no “mutuality of obligation” between the parties and by the very nature that outmoded argument never applied to options and other unilateral contracts.[2]
The judgment below in favor of appellees is reversed and the cause remanded with directions to enter judgment in favor of the appellant.
REVERSED and REMANDED.
DANIEL and GOSHORN, JJ., concur.

. Rainey negotiated discount purchases of many liens on the property.

. See Rohlfing v. Tommorrow Realty & Auction Co. Inc., 528 So.2d 463 (Fla. 5th DCA 1988).