# PROVIDENCE VENTURE, INC. v HILLSBOROUGH COUNTY, FLORIDA

## Case No. 89-22200

Thirteenth Judicial Circuit, Hillsborough County

April 8, 1991

## OPINION OF THE COURT

GUY W. SPICOLA, Circuit Judge.

### ORDER ON HILLSBOROUGH COUNTY'S MOTION TO DISMISS COUNTS TWO AND THREE OF PROVIDENCE VENTURE, INC.'S AMENDED COMPLAINT

This cause is before the court on Defendant HILLSBOROUGH COUNTY'S ("COUNTY") Motion to Dismiss Counts Two and Three of PROVIDENCE VENTURE, INC.'S ("PROVIDENCE") Amended Complaint. Both parties have submitted written memoranda. The court has carefully considered the motion and memoranda, reviewed its files, conducted its own research, and is otherwise fully advised in the premises.

### I. BACKGROUND FACTS

PROVIDENCE originally filed this action in October of 1989, seeking damages for an alleged breach of a written agreement between the COUNTY and PROVIDENCE. The alleged agreement provided that PROVIDENCE would develop and temporarily operate a permanent wastewater treatment facility in the Riverview area. Eventually the facility would be transferred to the COUNTY. In return, PROVIDENCE was granted the right to sell 3.5 million gallons per day of the facility's wastewater treatment capacity at a price equal to the prevailing county capacity charge in the central service area. On the morning the bond closing was scheduled, the COUNTY's Board of County Commissioners allegedly held an emergency meeting at which they voted to construe the agreement with PROVIDENCE to require that $269.00 of each $2750.00 capacity fee collected be applied to the cost of a sludge facility. This action was allegedly required to comply with public policy in that the amount charged must reasonably relate to the cost of facilities provided. This allegedly reduced the amount of capacity charges PROVIDENCE was entitled to collect by approximately $4,184,000.00.

On November 5, 1990, PROVIDENCE filed an Amended Complaint, adding two additional counts: Count I alleges breach of contract; Count II is based on estoppel; Count III is for quantum meruit. In Count II, PROVIDENCE alleges that the COUNTY represented that the written agreement was legal, binding and enforceable and that PROVIDENCE could collect capacity charges equal to the prevailing county capacity charge. In Count III, PROVIDENCE seeks compensation for services rendered pursuant to the agreement between PROVIDENCE and the COUNTY.

On December 7, 1990, the COUNTY moved to dismiss Counts II and III of the amended complaint. The COUNTY argued that estoppel could not properly be raised as a claim of affirmative relief. The COUNTY also contended that PROVIDENCE's action was based on a representation of law and that a representation of law did not support

estoppel. Furthermore, the COUNTY stated that the agreement was contrary to law and public policy and estoppel could not be used to enforce such agreements. The COUNTY argued that the quantum meruit count should be dismissed because a plaintiff may not simultaneously seek recovery on an express written contract and on a theory of quantum meruit for the same services. Finally, the COUNTY asserted that the doctrine of sovereign immunity barred both Counts II and III.

In a response dated December 14, 1990, PROVIDENCE argued that estoppel, and especially promissory estoppel, was an appropriate and proper cause of action. PROVIDENCE also countered that the estoppel action was based on statements of fact, not law, and that the agreement was not contrary to law or public policy. PROVIDENCE further stated that recovery for quantum meruit was permitted despite the existence of the express contract and that sovereign immunity did not bar either claim for relief.

During a status conference held December 14, 1990, the court determined that it would rule on the motion based on submitted written memoranda, and entered an order accordingly. The COUNTY was granted leave to file a supplemental brief in support of its motion to dismiss. The supplemental brief, dated January 11, 1991, raises the issue that plaintiff has confused the elements for promissory and equitable estoppel. The COUNTY argues that Count II for promissory estoppel is defective because it is not pled in the alternative, it fails to allege the required elements, and damages for lost profits are not proper under promissory estoppel. The COUNTY restates its argument that claims for relief under an express contract and quantum meruit may not be made simultaneously and that both counts are barred by sovereign immunity.

PROVIDENCE submitted a memorandum dated February 1, 1991, in reply to the COUNTY's supplemental brief. PROVIDENCE argues that the COUNTY has violated Florida Rule of Civil Procedure 1.140(b) by raising issues in its supplemental brief that were not raised in its motion to dismiss, and requests that this court strike such arguments. PROVIDENCE states that the estoppel count need not be raised in the alternative. PROVIDENCE further maintains that the distinctions between equitable and promissory estoppel are slight and that its complaint states the necessary elements for either theory. PROVIDENCE counters that lost profits are recoverable under estoppel and that the quantum meruit count is valid.

## II. ANALYSIS OF THE ARGUMENTS AND APPLICABLE LAW

In considering a motion to dismiss, the court will assume all well-

pleaded facts to be true and will decide the motion on questions of law only, keeping to the allegations contained within the complaint. *Kaufman v A-1 Bus Lines, Inc.* 363 So.2d 61 (Fla. 3d DCA 1978). The court should not grant a motion to dismiss if the pleader sets forth facts in his complaint upon which relief can be granted on any theory. *Orlovsky v Solid Surf, Inc.,* 405 So.2d 1363 (Fla. 4th DCA 1981).

As a preliminary matter, the court notes that it will consider all argument it deems relevant that was presented in the briefs submitted by each party, including the supplemental briefs. PROVIDENCE argues that the court should not consider any argument presented in the COUNTY's supplemental brief that was not raised in the original brief. By court order, the parties were notified that the court would decide the motion based on memoranda submitted. The COUNTY was granted leave to amend its brief and PROVIDENCE was entitled to respond. The argument presented in the supplemental brief related to the same issue, to wit: the motion for dismissal of Counts II and III. Therefore, it is appropriate for the court to address relevant argument raised in the supplemental brief and reply to the supplemental brief.

## A. Count II

Count II for estoppel is unclear as to whether equitable or promissory estoppel is being pled. Although the two are quite similar, some important distinctions have been made. First, it is not clear whether equitable estoppel may be raised as an affirmative claim for relief. While some cases state that equitable estoppel may not be used defensively, *Crown Life Ins. Co. v McBride,* 517 So.2d 660 (Fla. 1987), others permit claims for relief grounded on equitable estoppel. *Sakolsky v City of Coral Gables,* 151 So.2d 433 (Fla. 1963); *Investors Syndicate v City of Indian Rocks Beach,* 434 F.2d 871 (5th Cir. 1970). However, promissory estoppel is a recognized exception to the general rule and may be raised affirmatively. *Crown Life Ins.,* 517 So.2d at 660.

Presently there is case law supporting the right of a claimant to bring an action for both equitable and promissory estoppel. Therefore, this issue is not determinative. The real distinction between the different doctrines lies in their elements. Although both require reliance on a representation made that causes the party acting in reliance to change position, the theories differ in the type of representation required. *Southeastern Sales & Service Co. v Watson, Inc.,* 172 So.2d 239 (Fla. 2d DCA 1965). Equitable estoppel requires a representation as to a material fact that is contrary to a later asserted position, *Kuge v State Dep't of Admin., Div. of Retirement,* 449 So.2d 389 (Fla. 3d DCA 1984), whereas promissory estoppel applies to promises which the promisor should reasonably expect to induce action or forbearance of

**183**

substantial character. *W.R. Grace and Co. v Geodata Services, Inc.,* 547 So.2d 919 (Fla. 1989), *Mount Sinai Hospital of Greater Miami v Jordan,* 290 So.2d 484 (Fla. 1974).

In Count II, PROVIDENCE alleges that the COUNTY made both promises and representations relating to its wastewater treatment facility agreement with PROVIDENCE. The court is required, when considering a motion to dismiss, to assume all well-pleaded facts as true and determine whether the allegations as stated would establish a cause of action against the defendant if the allegations were later proved. *Reed v Sampson,* 349 So.2d 684 (Fla. 4th DCA 1977); *Orlovsky v Solid Surf, Inc.,* 405 So.2d 1353 (Fla. 4th DCA 1981). Since PROVIDENCE is apparently alleging facts for both promissory and equitable estoppel, the court must determine whether the complaint alleges sufficient facts to sustain a cause of action under either theory.

### 1. PROMISSORY ESTOPPEL

PROVIDENCE alleges in paragraph 21 of Count II that the COUNTY promises that the agreement was authorized and legal and would be binding upon and enforceable against the COUNTY. It is doubtful that this type of representation could be construed as a "promise," but, even if it is, it does not appear on the face of the complaint to be an actionable promise for a number of reasons. First, absent any basis to imply wrongful motive or intent, a truthful statement as to the present intention of a party with regard to his future act does not support a cause of action for promissory estoppel. *W.R.Grace and Co. v Geodata Services,* 547 So.2d 919 (Fla. 1989); *Crown Life Insurance Co. v McBride,* 517 So.2d 660 (Fla. 1987); *South Investment Corp. v Norton,* 57 So.2d 1 (Fla. 1952); *Southeastern Sales & Service Co. v Watson, Inc.,* 172 So.2d 239 (Fla. 2d DCA 1965); *City of Cape Coral v Water Services of America, Inc.,* 567 So.2d 510 (Fla. 2d DCA 1990). PROVIDENCE has not alleged facts to suggest that the COUNTY had any intent to mislead PROVIDENCE. Rather, PROVIDENCE alleged that the COUNTY agreed to allow PROVIDENCE to collect an amount equal to the prevailing COUNTY capacity charge. The reduction in the amount PROVIDENCE expected to collect resulted from the commission's finding that public policy required a portion of the fee to be contributed to the cost of a sludge facility. This finding was made before the bond closing. Although PROVIDENCE made a general allegation that the COUNTY did not act in good faith at various times, PROVIDENCE did not allege that the COUNTY did not have the present intention to allow PROVIDENCE to collect the prevailing fee. Therefore, PROVIDENCE did not allege sufficient facts to demonstrate that it was entitled to an action for promissory estoppel.

184

In addition, it does not appear that promissory estoppel may be used to enforce promises made within an express contract. Promissory estoppel applies to gratuitous promises and serves, in the appropriate instance, to supply to missing element of consideration to make an otherwise unenforceable promise enforceable. *Mount Sinai Hospital of Greater Miami, Inc. v Jordan,* 190 So.2d 484 (Fla. 1974); *Southeastern Sales & Service Co. v Watson,* 172 So.2d 239 (Fla. 2d DCA 1965). PROVIDENCE relies on *W.R. Grace and Co. v Geodata Services, Inc.,* 547 So.2d 919 (Fla. 1989) and *Royal American Dev. v City of Jacksonville,* 508 So.2d 528 (Fla. 1st DCA 1987) to illustrate that promissory estoppel can be utilized to enforce a promise despite the existence of an express contract on the same matter. However, careful review of these cases reveals important distinctions from the facts of the case at bar. In both cases the promises relied on in the promissory estoppel count were promises made in addition to or outside the terms of the express contract. In *Royal American,* the city induced the contractor to begin drawings and specifications with promises that a contract would be forthcoming. In *W.R. Grace,* the contractor relied on statements made by defendant's employee guaranteeing more work than provided for in the contract for a period longer than that specified in the contract. In the case at bar, PROVIDENCE has merely alleged that it relied on the COUNTY's promises that the agreement was enforceable and that PROVIDENCE could collect capacity charges equal to the prevailing COUNTY capacity charge; there are no clear allegations of promises made outside of the terms and negotiations of the express contract. Therefore, there is no authority that PROVIDENCE would be entitled to base an action for breach of contract and promissory estoppel on the same promises.

On the contrary, case law suggests that if the claim does not refer to any promise other than that expressed in the contract and the contract is void against public policy, there is no basis for relief under promissory estoppel. *Brine v Fertitta,* 537 So.2d 113 (Fla. 2d DCA 1988). The only ground PROVIDENCE has alleged for the COUNTY's action in reducing the fee PROVIDENCE could collect under the agreement is that the originally stated fee would violate public policy. This fact suggests that even if PROVIDENCE were able to rely on the promises made under an express contract to bring a promissory estoppel action, it would not be entitled to rely on promises that were contrary to public policy. The definition of promissory estoppel requires reliance on the promise as follows:

The promisor is affected only by reliance which he does or should foresee, and enforcement must be necessary to avoid injustice.

**185**

*Satisfaction of the latter requirement may depend on the reasonableness of the promisee's reliance, on its definite and substantial character in relation to the remedy sought, on the formality with which the promise is made, on the extent to which the evidentiary, cautionary, deterrent and channeling functions of form are met by the commercial setting* or otherwise, and on the extent to which such other policies as the enforcement of bargains and the prevention of unjust enrichment are relevant. *W.R. Grace,* 547 So.2d at 924 (emphasis in original). In *Brine,* the court determined that reliance on a promise "the enforcement of which would be contrary to public policy: would not be justifiable. *Id.* at 114. Therefore, PROVIDENCE would not be entitled to rely on the promise to collect fees contrary to public policy even if it were the type of promise that could support promissory estoppel.

For the above-stated reasons, this court finds that PROVIDENCE has not alleged sufficient facts in Count II to support an action for promissory estoppel.

## 2. EQUITABLE ESTOPPEL

The elements of equitable estoppel include the following:

1. Representation as to a material fact that is contrary to a later asserted position;

2. Reliance on the representation;

3. Change in position detrimental to the party claiming estoppel, caused by the representation and reliance thereon. *Tri-State Systems, Inc. v Dep't of Transportation,* 500 So.2d 212, 215-16 (Fla. 1st DCA 1986); *Kuge v State Dep't of Admin., Div. of Retirement,* 449 So.2d 389 (Fla. 3d DCA 1984). The COUNTY contends that Count II should be dismissed because PROVIDENCE has not alleged a representation of material fact; it alleged a representation of law which is not actionable. PROVIDENCE argues that the representations in this case were representations of fact.

The first statement on which PROVIDENCE relies in bringing its action is the COUNTY's representation that its agreement with PROVIDENCE was authorized and legal and would be binding upon and enforceable against the COUNTY. The law is clear that all parties entering into a contract with a municipality are bound to know the extent of the municipality's power to contract. *P.C.B. Partnership v*

*City of Largo*, 549 So.2d 738, 742 (Fla. 2d DCA 1989). Also, a representation of law does not support an action for equitable estoppel. *Long v Dep't of Admin., Div. of Retirement*, 428 So.2d 688 (Fla. 1st DCA 1983); *Austin v Austin*, 350 So.2d 102 (Fla. 1st DCA 1977); *Greenhut Constr. Co. v Henry A. Knott, Inc.*, 247 So.2d 517 (Fla. 1st DCA 1971). In the case at bar, the allegations are so vague it is difficult to fit them into a category of fact or law. It is clear though, that they are not the type of factual statements that have been actionable in other cases.

PROVIDENCE relies on *Tri-State Systems, Inc. v Dep't of Transportation*, 500 So.2d 212 (Fla. 1st DCA 1986), and *Kuge v State Dep't of Admin., Div. of Retirement*, 449 So.2d 839 (Fla. 3d DCA 1984) to demonstrate that statements regarding compliance with the law may be considered factual statements on which an estoppel may lie. However, the facts of these cases are significantly distinguishable from the facts alleged in the complaint at issue. In *Tri-State* the representations of whether or not sites for signs were zoned or unzoned and whether the applications for sign leases contained any false statements were classified as questions of fact not law. In *Kuge*, the court found that a state officer's calculation of an employee's actual years of creditable state retirement service was a statement of fact, even though it was based on a misunderstanding of the applicable law. Therefore, both of these cases involved a government agent's interpretation of facts under applicable law. No similar allegations of factual representations were made in this case.

The second statement on which PROVIDENCE relies is the COUNTY's representation that PROVIDENCE would be entitled to collect capacity charges equal to the prevailing COUNTY capacity charge. Although this statement appears to be factual, PROVIDENCE fails to allege how it is contrary to a later asserted position. Although PROVIDENCE alleges that the COUNTY voted to apply $269 of the fee to a sludge facility, there is no allegation that a similar fee was not being deducted from the prevailing county capacity charge for other services. Also, PROVIDENCE has not clearly alleged that the COUNTY committed to a particular sum in the agreement.

Therefore, the court finds that PROVIDENCE has not alleged sufficient facts to state a cause of action for either promissory or equitable estoppel. Because Count II does not allege sufficient facts, the court need not consider the remaining arguments raised by the COUNTY, i.e., whether it is proper to dismiss this count because the contract might be void as against public policy, whether it is necessary

187

to plead this count in the alternative, or whether lost profits may appropriately be recovered by estoppel.

## C. ESTOPPEL AGAINST A PUBLIC ENTITY

The COUNTY raises the general question whether either theory of estoppel is available against a public agency. The law is clear that equitable estoppel may be invoked against a municipality. *Enderby v City of Sunrise*, 376 So.2d 444, 445 (Fla. 4th DCA 1979) citing *Hollywood Beach Hotel v City of Hollywood*, 329 So.2d 10 (Fla. 1976). Similarly, other cases have stated that equitable estoppel will apply against a state agency, but only upon a showing of exceptional circumstances. *Reedy Creek Improvement Dist. v State Dep't of Envtl. Regulation*, 486 So.2d 642 (Fla. 1st DCA 1986); *Long v Dep't of Admin., Div. of Retirement*, 418 So.2d 688 (Fla. 1st DCA 1983); *Greenhut Constr. Co. v Henry A. Knott, Inc.*, 147 So.2d 517 (Fla. 1st DCA 1971). Since counties are "recognized by the Constitution as 'legal political divisions of the State'; that is, as governmental agencies," *Whitney v Hillsborough County*, 99 Fla. 628, 127 So. 496 (1930) exceptional circumstances would also have to be shown to estop a county. Exceptional circumstances include such instances as arbitrary rescission of a permit when revocation was not in fact required in the public interest, *Sakolsky v City of Coral Gables*, 151 So.2d 433 (Fla. 1963); or substantial completion of a project, including an obligation to repay $3 million in industrial bonds and obligations on additional services contracts in reliance on the validity of a permit. *Reedy Creek*, 486 So.2d at 647. In the case at bar, it does not appear that PROVIDENCE has alleged sufficient facts to demonstrate the type of exceptional circumstances required. PROVIDENCE alleged that the COUNTY revised the terms of its contract for public policy reasons. Also, PROVIDENCE has not alleged that it substantially completed the project so as to create an exceptional circumstance. However, the court need not decide this issue at this time because the COUNTY failed to raise it and the court finds the pleading defective on other grounds previously discussed.

## B. COUNT III

The COUNTY contends that Count III for quantum meruit should be dismissed because a plaintiff cannot concurrently seek recovery on an express written contract and under the theory of quantum meruit if services for which plaintiff seeks to recover are the subject of the express contract. The court is not persuaded by this argument for two reasons. First, Rule 1.110(g) of the Florida Rules of Civil Procedure provides that "a party may state as many separate claims or defenses as he has, regardless of consistency and whether based on legal or equitable grounds or both." It is not appropriate for a trial court to compel an election of remedies at such an early stage. *Banks v Steinhardt*, 417 So.2d 1054, 1056 (Fla. 4th DCA 1983).

188

Second, a plaintiff is not precluded from bringing a claim for quantum meruit as an alternative to recovery under an express contract, especially to recover for services that the subject of the express contract. Claims for both quantum meruit and breach of express contract have been brought in the same action. *Banks v Steinhardt,* 427 So.2d 1054 (Fla. 4th DCA 1983). Florida has also recognized that the law may allow recovery under quasi-contract when an express contract exists. *Southern Bell Telephone and Telegraph Co. v. Acme Electrical Contractors, Inc.,* 418 So.2d 1187 (Fla. 4th DCA 1982). The COUNTY relies on *Southern Roadbuilders, Inc. v Lee County,* 495 So.2d 189 (Fla. 2d DCA 1986) and *Champagne-Webber, Inc. v City of Fort Lauderdale,* 519 So.2d 696 (Fla. 4th DCA 1988) for the proposition that quantum meruit can not be raised as an alternative to breach of express contract. In *Southern Roadbuilders,* however, the court upheld the dismissal of the quantum meruit count on the ground that it was repetitive with a county for job specifications and that both counts were meritless. The court did not state that it was inappropriate to bring the quantum meruit count in the alternative. *Champagne-Webber* is distinguishable in that the quantum meruit count was dismissed because plaintiff was seeking to recover for services outside the scope of the express contract. The court held that recovery under an implied contract that does not arise out of a breach of an express or implied covenant of the express contract is barred by sovereign immunity. *Id.* at 698. Unlike the *Champagne-Webber* plaintiff, PROVIDENCE is seeking to recover under quantum meruit for services provided in accordance with the express contract. Therefore, dismissal of the quantum meruit count would not be appropriate.

The COUNTY argues that even if this type of alternative pleading is permissible, Count III should be dismissed because the COUNTY cannot be bound in implied contract if the contract is ultra vires or illegal. The COUNTY maintains that the pleading is defective because plaintiff seeks relief if the contract is found to be "illegal" or "unenforceable." The law is clear that a party may not seek to enforce an illegal contract or a contract that unlawfully limits a municipality's exercise of its police power under quantum meruit. *P.C.B. Partnership v The City of Largo,* 549 So.2d 738 (Fla. 2d DCA 1989). In *P.C.B.* the agreement restricted the city's ability to decide whether to build a road, install a traffic light and permit development of a parking lot. PROVIDENCE has not alleged a similar restriction on the county's police power and the contract does not appear to be illegal on its face.

Although Count III should have been more carefully written so as to seek relief under quantum meruit only under proper circumstances and

**189**

not if the contract is illegal, the court does not find that the pleading is fatally defective. A determination at this point of whether or not the express contract is enforceable or ultra vires would be premature. Even if the contract is found to be ultra vires, an exception to the rule that recovery is barred may apply and PROVIDENCE may be entitled to recover under quantum meruit the cost of services which it has already provided under the contract. *Webb v Hillsborough County,* 175 So. 874 (Fla. 1935). Therefore, it would not be proper for the court to dismiss Count III at this time.

### C. Sovereign Immunity

The COUNTY asserts that sovereign immunity precludes estoppel and quantum meruit actions against the COUNTY and that sovereign immunity was not waived in this case. PROVIDENCE argues that if sovereign immunity applied, it was waived by the COUNTY's entering into a contractual agreement with PROVIDENCE.

The court need not decide whether sovereign immunity would bar this action for estoppel since it is dismissing Count II for failure to allege sufficient facts. However, the court notes that, as discussed above, estoppel against a state agency is permitted under exceptional circumstances and therefore would not be generally barred by sovereign immunity. On the other hand, sovereign immunity does bar actions on implied contracts, including recovery for quantum meruit on an implied contract. *Pan-Am Tobacco Corp. v Department of Corrections,* 471 So.2d 4 (Fla. 1984); *Champagne-Webber, Inc. v City of Fort Lauderdale,* 519 So.2d 696 (Fla. 4th DCA 1988). However, if "the state has entered into a contract fairly authorized by the powers granted by general law, the defense of sovereign immunity will not protect the state from actions arising from the state's breach of the contract." *Pan-Am Tobacco Corp.,* 471 So.2d at 5. In the case at bar, the services for which PROVIDENCE is seeking to recover under quantum meruit were performed pursuant to an express agreement with the COUNTY. By entering into this agreement for services for which the COUNTY has the general authority to contract, the COUNTY has waived sovereign immunity. *Id. See also Webb v Hillsborough County,* 175 So.2d 874 (Fla. 1935) (plaintiff entitled to recover under quantum meruit for services provided under an express contract later determined to be ultra vires). Therefore, sovereign immunity would not bar the claim for quantum meruit under Count III.

### III. CONCLUSION

Count II does not allege sufficient facts to state a cause of action for either promissory estoppel or equitable estoppel. Therefore, the motion to dismiss Count II shall be granted. However, the motion to dismiss

**190**

Count III should be denied because quantum meruit may be pled as an alternative to breach of contract. In addition, sovereign immunity does not bar an action for quantum meruit when plaintiff seeks to recover for services provided pursuant to an express contract into which the county was authorized to enter. It is therefore,

ORDERED AND ADJUDGED:

1. Defendant's Motion to Dismiss Count II of the Amended Complaint is hereby granted and plaintiff shall have fifteen days to file a Second Amended Complaint;

2. Defendant's Motion to Dismiss Count III of the Amended Complaint is hereby denied, and defendant shall have fifteen days to answer Count III.

DONE AND ORDERED this 8th day of April, 1991.