GROSS, C.J.,
concurring specially.
I concur in the majority opinion’s conclusion that appellee failed to prove its entitlement to lost profits and write to make two observations about the application of promissory estoppel in this case.
As the majority opinion notes, the jury determined that Devon had breached a written contract with Ryvmed, but that DHS and SMI did not. Also, the jury found all three companies liable on the promissory estoppel claim and awarded $1,400,000 in damages on a single line in the verdict form that allowed the jury to determine damages for both the promissory estoppel claim and the contract claim.
First, the jury’s finding of a Ryvmed-Devon contract precluded Devon’s recovery on a promissory estoppel theory. The contract involved the same subject matter that formed the basis of the promissory estoppel. See Advanced Mktg. Sys. Corp. v. ZK Yacht Sales, 830 So.2d 924, 928 (Fla. 4th DCA 2002). “Promissory estoppel is not available as a remedy when parties have a written contract addressing the relevant issues[.]” Univ. of Miami v. Intuitive Surgical, Inc., 166 F. App’x. 450, 454 (11th Cir.2006) (citing Advanced Mktg. Sys.). Consequently, only DHS and SMI could have received promissory estoppel damages.
Second, and as to DHS and SMI, Florida appears to follow the view that promissory estoppel does not support lost profits damages, although the issue has not been definitively decided in this state. There are three approaches to the issue of what measure of damages is available to the litigant who establishes a promissory es-toppel: “[1] the reliance measure, [2] the expectancy measure, and [3] a flexible or discretionary approach.” Mary E. Becker, Promissory Estoppel Damages, 16 Hofstra L. Rev. 131,131 n. 1 (1987).[1]
*1131 The first approach is the plurality view,[2] and it does not allow the party to recover his lost profits. See, e.g., Creative Demos, Inc. v. Wal-Mart Stores, Inc., 142 F.3d 367, 369 (7th Cir.1998) (“[I]n Indiana, as in most other states, promissory estoppel does not support lost-profits damages.”).[3] According to this view, under promissory estoppel a plaintiff may recover only reliance damages, “the amount necessary to restore the injured party to the position it would have occupied had the promise not been made.” Id. at 369.[4]
This state appears to follow the first approach.[5] Three Florida cases have approved reliance damages for promissory estoppel in commercial law cases. In Young v. Johnston, 475 So.2d 1309, 1314— 15 (Fla. 1st DCA 1985), the first district allowed a plaintiff whose putative contract with a homebuilder had fallen apart after the plaintiff failed to receive construction financing the damages he incurred in relying on the putative contract, ie., the money he spent in securing a loan commitment from the bank. The first district reversed the verdict for benefit-of-the-bargain damages, however, because there was no actual contract. Id. at 1312-14. Next, in Revlon Group Inc. v. LJS Realty, Inc., 579 So.2d 365, 367-68 (Fla. 4th DCA 1991), this court approved recovery of $144,000 for leasehold improvements made by the assignee of a lease, holding that the assignor was responsible under the “doctrine of promissory estoppel.” Finally, in Sunshine Bottling Co. v. Tropicana Products, Inc., 757 So.2d 1231, 1232 (Fla. 3d DCA 2000), on a promissory estoppel claim, the third district allowed recovery of $592,000 that a bottling company “expended in restructuring its plant.”
Also, unsuccessful bidders for public contracts have been allowed reliance damages but not lost profits from local governments under the promissory estoppel theory. See Baxter’s Asphalt & Concrete, Inc. v. Liberty Cnty., 406 So.2d 461, 467-68 (Fla. 1st DCA 1981) (on rehearing) (allowing “costs in preparing ... bids as well as other ‘reliance’ damages,” but excluding *1132 lost profits because “it would be unjust to allow a recovery for loss of profits based on the theory of promissory estoppel due to a violation of a public bidding statute”), reversed, on other grounds by 421 So.2d 505 (Fla.1982); Royal Am. Dev., Inc. v. City of Jacksonville, 508 So.2d 528, 529 (Fla. 1st DCA 1987) (allowing “precon-struction expenditures”); City of Cape Coral v. Water Servs. of Am., Inc., 567 So.2d 510, 512-14 (Fla. 2d DCA 1990) (allowing “bid preparation costs” but expressly excluding lost profits).
Even those jurisdictions that allow the recovery of lost profits through promissory estoppel, however,- require that the party prove them with reasonable certainty, something not done in this case. E.g., Walters v. Marathon Oil Co., 642 F.2d 1098, 1100-01 (7th Cir.1981) (holding that promissory estoppel, as an equitable doctrine, allowed the recovery of lost profits where the party had proven “the amount of the lost profits ... with reasonable certainty”); ZBS Indus., Inc. v. Anthony Cocea Videoland, Inc., 93 Ohio App.3d 101, 637 N.E.2d 956, 960 (1994) (“[W]e find that a plaintiff may recover expectancy damages, including lost profits, in a promissory estoppel action where ... the promise relied upon obligates the promisor into the future and those damages are demonstrated with reasonable certainty.”); Seattle First Nat’l Bank, N.A. v. Siebol, 64 Wash. App. 401, 824 P.2d 1252, 1256 (1992) (“Lost profits are recoverable in promissory es-toppel cases as long as there is a substantial and sufficient factual basis supporting the amount awarded.”).
Taken together, these two observations demonstrate that only DHS and SMI could have received damages premised on a promissory estoppel theory, and, under the view this state appears to follow, those damages could not have included lost profits.

. See also Eric Mills Holmes, The Four Phases of Promissory Estoppel, 20 Seattle U. L. Rev. 45, 51 (1996) (same, and explaining that each approach corresponds to a stage in the doctrine’s evolution, starting with (1) the estoppel stage, where it was used as a “defensive equitable estoppel and offensive equitable estop-pel;’’ to (2) the contract stage, where it was used “as a consideration substitute ... to validate promises and award traditional contract expectation damages;” then to (3) the tort stage, where it was used as an offensive theory “(independent of contract) to award reliance damages;” to finally (4) the equitable *1131 stage, where it has been applied "to rectify wrongs by awarding relief based on the discrete facts of each case”).

. See id. at 65, 70, 824 P.2d 1252 (noting that there are sixteen jurisdictions that follow the expectation damages approach, twenty that follow the reliance damages approach, and fourteen that follow the flexible or discretionary approach).

. The seminal cases on this approach are Goodman v. Dicker, 169 F.2d 684, 685 (D.C.Cir.1948) (in a promissory estoppel case, reversing an award for lost profits because "[t]he true measure of damage is the loss sustained by expenditures made in reliance”), and Wheeler v. White, 398 S.W.2d 93, 97 (Tex.1966) ("Where the promisee has failed to bind the promisor to a legally sufficient contract, but where the promisee has acted in reliance upon a promise to his detriment, the promis-ee is to be allowed to recover no more than reliance damages measured by the detriment sustained.”).

. See also Fretz Constr. Co. v. S. Nat'l Bank of Houston, 626 S.W.2d 478, 483 (Tex.1981) (stating that '[d]amages recoverable in a case of promissory estoppel are not the profit that the promisee expected, but only the amount necessary to restore him to the position he would have been in had he not acted in reliance on the promise” (citations omitted)); Bechtel Corp. v. CITGO Prods. Pipeline Co., 271 S.W.3d 898, 927 (Tex. Ct.App.-Austin 2008) ("[Ejxpectancy damages like lost profits, for example, are not recoverable based on promissory estoppel.” (citing Fretz Constr. Co.)).

. See Holmes, The Four Phases of Promissory Estoppel, supra, note 1 at 70 n. 73 (counting Florida as among the twenty jurisdictions that follow the reliance approach); see also Holmes, Restatement of Promissory Estoppel, 32 Willamette L. Rev. 263, 360-67 (1996) (collecting the promissory estoppel cases from Florida).