449 So.2d 389 (1984)
Katherine B. KUGE, Appellant,
v.
STATE of Florida, DEPARTMENT OF ADMINISTRATION, DIVISION OF RETIREMENT, Appellee.
No. 83-2660.
District Court of Appeal of Florida, Third District.
May 1, 1984.
*390 Wallace, Engels, Pertnoy & Solowsky and Alfred I. Hopkins, Miami, for appellant.
William A. Frieder, Tallahassee, for appellee.
Before HUBBART and BASKIN and JORGENSON, JJ.
HUBBART, Judge.
This is an appeal from a final order rendered by the Florida Department of Administration, Division of Retirement [DOR]. The order under review affirmed a prior administrative decision which denied eligibility for state retirement benefits to a former state employee. We conclude that the state is estopped by its actions in this case from denying such retirement eligibility to the subject employee and reverse.
The basic facts of this case were stipulated to below and are entirely undisputed. Katherine B. Kuge is a former social work consultant previously employed by the Florida Department of Health and Rehabilitative Services. She was a member of the Florida Retirement System from December, 1957  May, 1965, but withdrew her retirement contributions upon terminating her state service. She later rejoined state employment, compiled 3.17 years of creditable state retirement service, and resigned from state employment on March 31, 1983, to accept a position apparently with the Veterans Administration in Miami, Florida.
Prior to resigning her state position, however, Ms. Kuge inquired of DOR as to her current state retirement status. On January 25, 1983, DOR responded to her by memo. This memo informed her that DOR had audited her retirement account, that she presently had 9.58 years of creditable state retirement service, that for $4,031.87 she could purchase back her prior state service [wherein she had previously withdrawn her retirement benefits for 1957-65 and had taken a certain educational leave in 1961-62], and concluded as follows: "If you purchase your prior service and continue to work through March 1983 earning at least $250.00 each month, you will have ten years of service." Without dispute, Ms. Kuge needed a minimum of ten years of creditable retirement service in order to be eligible for state retirement benefits and was then earning in excess of $250 per month. Based on these assurances by DOR, Ms. Kuge continued working at her state employment until March 31, 1983, when she resigned and took employment elsewhere. She was fifty-eight years old at the time.
On March 31, 1983, Ms. Kuge upon terminating her state employment, made a telephone request of DOR as to what her retirement benefits would be upon retirement at age 62. On April 28, 1983, DOR responded by memo that she was not eligible for any retirement benefits as she had only 9.33 years of creditable state retirement service. As this representation was directly contrary to DOR's January 25, 1983 memo to her, Ms. Kuge protested to DOR by a letter dated May 15, 1983. DOR responded by letter dated May 25, 1983, informing her that an error had been made in calculating her retirement service benefits in the January 25, 1983 memo, that she had only 9.33 years of creditable state retirement service, and that she was not eligible for state retirement benefits. All agree that an error had indeed been made in the January 25, 1983 memo in that DOR had mistakenly allowed her .67 years of creditable retirement service for an educational leave with pay which she had taken as a state employee in 1961-62. Although such an educational leave with pay is counted as part of creditable retirement service, it cannot be taken unless the employee has at least ten years of creditable service excluding the period of the educational leave. § 121.081(1)(j)(2), Fla. Stat. (1981).
*391 On June 13, 1983, Ms. Kuge, by letter, requested a review of the administrative denial of her retirement eligibility and stated in relevant part:
"Based on the assurance I had received that if I worked through March 1983 I would have ten years of creditable service, I agreed to accept another job outside the State Retirement System, and resigned from my position as Social Work Consultant with the Office of Licensure and Certification, Department of Health and Rehabilitative Services, effective March 31, 1983. Then, nearly a month later, in a letter dated April 28, 1983, I was informed that my educational leave with pay was not creditable until the ten had been completed without it, as stated in Florida Statute, Chapter 121.081(j)(2) [Section 121.081(1)(j)(2)].
... I made a decision to leave state employment, relying on the fact that I had been informed I was vested, and would look forward to a modest monthly retirement payment from the state. Now being employed full time elsewhere, it would be impossible for me to secure the additional eight months of employment I am told I need to complete my ten years. I am 58 years of age and do not have much more time to work out retirement plans. I therefore respectfully request that the Division of Retirement honor the statement of retirement service credit made on January 25, 1983, which indicated that my ten years of service necessary for retirement would be completed at the end of March 1983."
An informal administrative proceeding was thereafter conducted and a final order entered by DOR affirming the administrative action below. This appeal follows.
Based on the above facts, we have no difficulty in concluding that the state, by its actions in this case, is estopped to deny that Ms. Kuge has ten years of eligible state retirement service as represented by DOR in their January 25, 1983 memo. All of the elements of equitable estoppel against the State of Florida have been established herein, to wit:
"1) a representation as to a material fact that is contrary to a later-asserted position;
2) reliance on that representation; and
3) a change in position detrimental to the party claiming estoppel, caused by the representation and reliance thereon." State Department of Revenue v. Anderson, 403 So.2d 397, 400 (Fla. 1981) (citation omitted)
In the January 25, 1983 memo, DOR made certain representations to Ms. Kuge, which representations DOR later rescinded in its April 28, 1983 memo. In the January 25, 1983 memo, DOR represented that Ms. Kuge had 9.58 years of creditable state retirement service as of the date of the memo, and that she would have 10 years of creditable state retirement service should she continue to work through March 31, 1983 at a salary which was lower than her then current salary level. These were clearly representations of material fact which were contrary to a later asserted position of DOR. Ms. Kuge, upon receipt of this memo, served the time necessary to obtain the ten years of state retirement service as represented in the memo, resigned on the last such day and took employment elsewhere. Without question, these undisputed facts constitute reliance on a material representation of fact resulting in a change of position detrimental to Ms. Kuge. We are supported in this conclusion by our recent decision in Salz v. Department of Administration, Division of Retirement, 432 So.2d 1376 (Fla. 3d DCA 1983), which reached the same result based on similar facts.
We reject DOR's contention that the representations made in this case were representations of law rather than of fact. Ms. Kuge was informed in the January 25, 1983 memo that she had 9.58 years of creditable state retirement service as of the date of the memo and would have ten years of creditable state retirement service as of March 31, 1983, so long as she continued to work at a rate of pay below that of her current salary. These were representations of fact, not of law. It is true that *392 such representations were based on a misunderstanding of the law applicable to her case, but this does not convert the factual representations into legal representations. Ms. Kuge was told, as a matter of fact, how many years of creditable state retirement service she had, and how many such years she would have if she continued working through March 31, 1983; she was in no way advised as to the status of Florida law. Compare Austin v. Austin, 350 So.2d 102 (Fla. 1st DCA 1977), cert. denied, 357 So.2d 184 (Fla. 1978).
We also reject DOR's argument that there was no detrimental reliance in this case as Ms. Kuge could always return to state employment and serve out an additional eight months, thereby becoming eligible for state retirement benefits. This argument ignores the real world as the employment market does not ordinarily permit such cavalier changes in job placement. Ms. Kuge, in fact, resigned her state employment and took employment elsewhere; there is utterly no indication in this record that Ms. Kuge would now be allowed to take a leave of absence from her present employment and be re-employed for eight months by the State of Florida in any capacity. We think the fact that Ms. Kuge resigned from her employment based on DOR's mistaken representations of fact, that she took employment elsewhere based on these representations, and that nothing in the record suggests that Ms. Kuge could now reasonably undo her otherwise unfortunate switch in jobs, was sufficient to establish the element of detrimental reliance essential to equitable estoppel herein.
The final order under review is reversed and the cause is remanded to the Department of Administration, Division of Retirement with directions to give Katherine B. Kuge ten years of creditable retirement service upon the payment of the necessary funds to purchase her past educational leave time and her prior state service wherein she withdrew her retirement benefits, as stated in DOR's January 25, 1983 memo to Ms. Kuge.
Reversed and remanded.