582 So.2d 709 (1991)
DOLPHIN OUTDOOR ADVERTISING, Appellant,
v.
DEPARTMENT OF TRANSPORTATION, Appellee.
No. 89-2389.
District Court of Appeal of Florida, First District.
June 26, 1991.
Daniel C. Brown of Katz, Kutter, Haigler, Alderman, Eaton, Davis & Marks, P.A., Tallahassee, for appellant.
Gregory G. Costas, Appellate Atty., Thomas J. Bateman, III, Gen. Counsel for Dept. of Transp., Tallahassee, for appellee.
PER CURIAM.
Dolphin Outdoor Advertising (Dolphin) appeals a final order of the Department of Transportation (DOT) which revoked duly issued permits for an outdoor advertising sign located along Interstate 4 in Polk County. We reverse.
Dolphin applied for permits to erect a monopole sign which would support a twosided billboard. Dolphin intended to lease the property where it proposed to erect the sign. Dolphin indicated on its application that the nearest sign from its proposed site was 1600 feet away. The DOT sign inspector *710 assigned to Dolphin's application reviewed DOT records to ascertain whether Dolphin's proposed site complied with the statutory spacing requirements. This inspector erroneously thought that section 479.07(9)(a), Florida Statutes (1987), requires signs along interstate highways to be 1,000 feet apart. Actually, that section requires signs to be spaced 1,500 feet apart. Dolphin's application was approved and two permits were issued on February 24, 1989.
Dolphin had made the final payment on the first year's installment on the ten year lease on February 17, 1989. The president of Dolphin testified that this payment was made after assurances by the DOT inspector that the application was going to be approved. Dolphin paid $101.20 on February 27, 1989, for a Polk County building permit, and a three year advertising contract was executed.
Subsequent to the issuance of the permits, the DOT inspector realized she had applied the wrong spacing standard. Whereas DOT had originally concluded that Dolphin's proposed sign location did not conflict with any other sign, DOT later realized Dolphin's sign was within 1,066 feet of the nearest permitted sign. Because no sign had been erected at this permitted site when Dolphin submitted its application, Dolphin had no actual knowledge of the conflict. By letter dated March 17, 1989, DOT advised Dolphin that its permits were not valid as they had been issued in error.
Dolphin requested and received a section 120.57(1) hearing. At the hearing, DOT argued that it had the authority to revoke the permits under section 479.08, Florida Statutes, which provides that the department may revoke any permit granted under Chapter 479 when it is determined that the application for the permit contained "knowingly false or misleading information... ." The hearing officer rejected this contention. Because no sign had yet been placed at the conflicting site, Dolphin had no knowledge that the conflict in fact existed, and so Dolphin could not have "knowingly and falsely" alleged on its application that the nearest sign was 1600 feet away. Therefore, DOT's reliance on section 479.08 was misplaced.
However, the hearing officer also rejected Dolphin's argument that estoppel should apply against DOT so as to preclude revocation of the permits. Instead, the hearing officer ruled that DOT's misunderstanding of the statutory spacing requirement was one of law, not fact, and, as the hearing officer correctly observed, estoppel will not be applied when there has been a mistake of law. See, for example, Austin v. Austin, 350 So.2d 102 (Fla. 1st DCA 1977), cert. denied, 357 So.2d 184 (Fla. 1978); Nelson Richard Advertising v. Dept. of Transportation, 513 So.2d 181 (Fla. 1st DCA 1987). Because the permits were issued upon a mistaken application of the law by DOT's agent and because DOT is not equitably estopped to revoke permits erroneously issued, the hearing officer recommended that the permits be revoked. In its final order, DOT accepted the findings of fact and conclusions of law made by the hearing officer.
The doctrine of equitable estoppel may be applied against the state only rarely and under exceptional circumstances. North American Co. v. Green, 120 So.2d 603 (Fla. 1959). This court has considered other cases in which an outdoor sign permit holder has sought to have DOT estopped from revoking sign permits. See, T & L Management v. Dept. of Transportation, 497 So.2d 685 (Fla. 1st DCA 1986); Chipley Motel v. Dept. of Transportation, 498 So.2d 1357 (Fla. 1st DCA 1986), app. dismissed, 503 So.2d 326 (Fla. 1987); and Tri-State Systems, Inc. v. Dept. of Transportation, 500 So.2d 212 (Fla. 1st DCA 1986), rev. denied, 506 So.2d 1041 (Fla. 1987). This court observed in Tri-State that any decision regarding the application of equitable estoppel depends upon properly made findings of fact as to each of the three elements of estoppel: (1) a representation as to a material fact that is contrary to a later-asserted position; (2) reliance on that representation; and (3) a change in position detrimental to the party claiming estoppel, caused by the representation and *711 reliance thereon. 500 So.2d at 215-216. As noted, the hearing officer specifically found DOT's understanding about the statutory spacing requirements to be a representation of law rather than fact.
Dolphin has argued on appeal that DOT never made a representation as to the actual spacing requirements of the relevant statute. Instead, what DOT's agent represented to Dolphin and what Dolphin detrimentally relied upon, according to Dolphin, was the agent's representation that the application for the sign permit was "fine." In this respect, Dolphin argues the instant case is analogous to Kuge v. State, Department of Administration, 449 So.2d 389 (Fla. 3d DCA 1984).
In Kuge, a state employee inquired at the Department of Administration, Division of Retirement about her retirement status. The agency responded by memorandum that she had 9.58 years of creditable retirement service; and, based on this representation, the state employee planned her retirement. In fact, the employee had obtained only 9.33 years of service. Therefore, when she later left state employment, it was determined that she had retired too early to qualify for retirement benefits. The employee sought and received an administrative hearing, but the denial of her retirement benefits was affirmed. On review, the district court of appeal found that the memorandum of the agency contained an erroneous representation of fact, and not law, and because the employee relied upon the representation resulting in a change of position to her detriment, the court found that estoppel would lie. In so holding, the Kuge court observed that the agency's "representations were based on a misunderstanding of the law [regarding calculation of retirement credit], but this does not convert the factual representations into legal representations." 449 So.2d at 392.
We find Kuge indistinguishable from the case before us. Here, the hearing officer found in his conclusions of law (which were adopted by DOT), that DOT's agent made "a mistake of law" when she advised Dolphin "that the proposed location for the applied-for sign met the spacing requirements." While finding no mistake of fact upon which Dolphin relied to its detriment, the hearing officer acknowledged that "an argument could be made that the statement upon which Respondent relied to his [sic] detriment was a statement of fact, i.e., that the proposed location did not violate the spacing requirements." However, the hearing officer's order continues, "this misstatement was clearly based upon an erroneous understanding of the law and equitable estoppel will not be applied in such a case." We disagree with the hearing officer's conclusions on this issue.
Applying the same reasoning and analysis as did the court in Kuge, we conclude that the representation by DOT's agent that the proposed location met the spacing requirements was based upon a misunderstanding of the law, but, as in Kuge, "this does not convert the factual representations into legal representations." 449 So.2d at 392.
The order appealed is therefore REVERSED.
SMITH and WOLF, JJ., concur.
WENTWORTH, Senior Judge, specially concurs with written opinion.
WENTWORTH, Senior Judge, concurring specially.
I agree with reversal because the dispositive issue is simply that of correcting the erroneous characterization of the mistaken DOT representation as one of law. Although the recommended order, adopted by DOT, contains no clear finding of fact as to the agency representation, it does state as a conclusion of law that the agent "advised Respondent that the proposed location ... met the spacing requirements" (e.s.). The emphasized words do not appear to have been used by any witness, but the DOT inspector did indicate that in the process of site inspection she undertook to check and convey information on the existence of any "hidden permit, which is a tag that's been permitted but the sign was not up." In that context the necessary fact representation is implicit in the testimony *712 that Dolphin "got a verbal go-ahead that she had checked it; everything was fine." In other circumstances, however, the same statement might convey only a mistaken representation of law.