603 So.2d 1334 (1992)
ALACHUA COUNTY, Florida, Appellant,
v.
Larry H. CHESHIRE and Larry Ross, Appellees.
No. 91-3184.
District Court of Appeal of Florida, First District.
August 12, 1992.
*1335 Mary A. Marshall, Acting Co. Atty., Gainesville, for appellant.
Ronald A. Carpenter and Lucy Goddard of Carpenter & Goddard, P.A., Gainesville, for appellee Larry H. Cheshire.
William B. Watson, III of Watson, Folds, Steadham, Christmann, Brashear, Tovkach & Walker, Gainesville, for appellee Larry Ross.
SMITH, Judge.
Alachua County appeals an amended final judgment of foreclosure, foreclosing two mortgages, one held by Larry Ross and one held by Larry H. Cheshire. Contrary to Alachua County's contentions, we find that the trial court did not err in finding adequate consideration for Ross's note and mortgage, and therefore affirm this point without further discussion. We write further to address Alachua County's contention that foreclosure of Cheshire's mortgage, securing a $15,000 note, was barred by the statute of limitations, section 95.281(1)(a), Florida Statutes (1985), which provides that a mortgage lien terminates five years from the date of maturity of the note secured by the mortgage. We agree with the trial court that based upon the facts, which are more fully set forth below, the doctrine of equitable estoppel and/or equitable tolling precludes Alachua County from raising the statute of limitations as a defense to Cheshire's foreclosure action. We therefore affirm the final judgment in all respects.
Cheshire's mortgage was on a 197 acre tract of land in Alachua County which was acquired by the United States Government in 1984 through forfeiture proceedings because the property had been purchased with drug money. The note and mortgage, executed in August 1981, had a final due date of November 1, 1981. Alachua County contends that Cheshire had until November 2, 1986 to file a foreclosure suit, which he admittedly failed to do.
The final judgment of forfeiture was entered July 11, 1984. At this time, the preferred procedure for handling forfeited property such as this had not been determined by federal authorities. At the present time, the federal government prefers to provide for the satisfaction of all *1336 valid liens in the forfeiture proceeding, but in 1984 this procedure was not in place. Instead, this property was turned over to the General Services Administration (GSA). In addition to the liens held by Cheshire and Ross, there was another mortgage on the property in the amount of $526,000, which was known from the outset to be a fraudulent lien created in connection with a drug money laundering scheme.
After the final judgment of forfeiture was entered in 1984, Cheshire was told by the Assistant United States Attorney who handled the forfeiture proceeding that the property would probably be turned over to GSA and that he didn't need to do anything at the time but keep in touch. Cheshire wrote to GSA in August 1984, regarding his claim, and according to Cheshire he maintained contact with GSA regularly thereafter, either by phone or letter. He met with GSA officials in January 1985, and was told that he would be paid by the ultimate recipient of the property. This representation was repeated many times by government officials over the next several years. He got a letter from the Justice Department on May 13, 1986 advising him to file his claim with GSA and stating that "all valid liens will ultimately be paid by the recipient of the property." He received a fact sheet dated March 11, 1986, from a government official at GSA which listed his lien as valid. An updated fact sheet prepared in 1988  long after expiration of the limitations period for filing suit  similarly listed Cheshire's lien as valid.
In the meantime, Alachua County became interested in the 197 acres as a potential park site. Alachua County began discussions with GSA regarding purchase or donation of the property in 1985. In March 1988, Alachua County requested information from GSA regarding valid liens. In a series of correspondence between Alachua County and GSA and the National Park Service, Alachua County was advised via the above-mentioned fact sheet of Cheshire's "valid" lien. In May 1988, Alachua County learned that its application for the property was approved and that conveyance would be made to it by the United States, subject to the County's satisfaction of all outstanding valid liens within 90 days. The chairman of the county commission wrote to GSA on June 7, 1988 that the county intended to satisfy all outstanding valid liens within 90 days. The assistant county attorney wrote to Cheshire's attorney requesting the payoff amount of Cheshire's lien. A county official wrote GSA on July 11, 1988 that the county would meet the time requirement for all those liens that had been identified as valid encumbrances.
Meanwhile, during all the above communications, the invalid $526,000 mortgage remained on record as an apparent lien on the property. Because this large $526,000 mortgage remained of record against the property, it became obvious that the county was not going to make its 90 day deadline. At some point, the federal government decided to go ahead and convey the property to Alachua County anyway and to have the county execute a hold harmless provision in favor of the federal government. On November 22, 1988, the federal government executed a quit claim deed to Alachua County for the 197 acre parcel.
In the meantime, in order to expedite the settling of all liens on the property, Cheshire filed a complaint in state court on March 24, 1988 seeking to foreclose his mortgage, and to obtain a judgment invalidating the $526,000 mortgage. At this time, the United States was still the owner of the property and therefore a party to the foreclosure action. The United States had the foreclosure action removed to federal court. The federal judge entered a partial summary judgment determining that the $526,000 mortgage was fraudulent. After this, and after the property had been deeded to Alachua County, the foreclosure action was remanded to state court on August 17, 1989. Alachua County defended against Cheshire's foreclosure action principally on the grounds that the statute of limitations had run before he filed suit. Cheshire contended that Alachua County was estopped to raise the statute of limitations defense. The trial judge agreed.
*1337 Estoppel has been defined as the preclusion of a person from asserting a fact by previous conduct inconsistent therewith, on his own part, or the part of those under whom he claims. Quality Shell Homes & Supply Co. v. Roley, 186 So.2d 837, 840-1 (Fla. 1st DCA 1986). In addition to the usual elements of estoppel, a party seeking to invoke estoppel against the government must establish affirmative conduct by the government going beyond mere negligence; that the government's act will cause serious injustice; and the imposition of estoppel will not unduly harm the public interest. S & M investment Co. v. Tahoe Regional Planning Agency, 911 F.2d 324, 329 (9th Cir.1990), cert. denied, ___ U.S. ___, 111 S.Ct. 963, 112 L.Ed.2d 1050 (1991). However, it is not necessary to prove intentional deceit on the part of the government. Bomba v. W.L. Belvidere, Inc., 579 F.2d 1067, 1071 (7th Cir.1978); and Machules v. Department of Administration, 523 So.2d 1132, 1134 (Fla. 1988). While it is true that equitable estoppel is only rarely applied against the government, Dolphin Outdoor Advertising v. DOT, 582 So.2d 709 (Fla. 1st DCA 1991), courts do apply estoppel against the government in appropriate circumstances.
The equitable estoppel doctrine has frequently been employed to bar inequitable reliance on a statute of limitations. Glus v. Brooklyn Eastern District Terminal, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959). A party will be estopped from asserting the statute of limitations defense to an admittedly untimely action where his conduct has induced another into forbearing suit within the applicable limitations period. Bomba v. W.L. Belvidere, Inc., 579 F.2d 1067, 1070 (7th Cir.1978). Like the application of equitable estoppel in federal courts, the application of equitable tolling has been applied in Florida when a plaintiff has been misled or lulled into inaction and has in some extraordinary way been prevented from asserting his rights. Machules v. Department of Administration, 523 So.2d 1132, 1134 (Fla. 1988).
In this case, officials of the federal government made repeated oral and written representations to Cheshire that he should file his claim with GSA, that the recipient of the property would pay the valid liens, and that his lien was "valid," according to the government fact sheet. Cheshire reasonably relied upon these representations. Clearly, the government's conduct induced Cheshire into forbearing suit within the applicable limitations period. Bomba v. W.L. Belvidere, 579 F.2d at 1070.
Alachua County seeks to avoid the effect of the federal officials' misrepresentations on the grounds that the federal officials were unaware of, or didn't consider the requirements of the statute of limitations. We find no merit in this argument. There is no requirement that the government officials intentionally mislead or deceive Cheshire before estoppel applies. The federal employees' ignorance of the statute of limitations does not bar application of equitable estoppel. Compare Dolphin Outdoor Advertising v. Department of Transportation, 582 So.2d 709 (Fla. 1st DCA 1991) and Nelson Richard Advertising v. Department of Transportation, 513 So.2d 181 (Fla. 1st DCA 1987) (mutual mistake of fact or a mistake of law may prevent application of estoppel). In this case, federal officials affirmatively represented to Cheshire critical facts  upon which he relied  that his lien, which was filed with GSA, was valid and would be paid by the recipient of the property. Their conduct in making these representations, knowing as they must that Cheshire was relying upon them, goes beyond mere negligence, and the trial court correctly found that Cheshire's foreclosure action was not barred by the statute of limitations.
AFFIRMED.
BOOTH, J., concurs.
ALLEN, J., concurs in result only.