WARNER, Judge.
A condominium association appeals a final summary declaratory judgment and permanent injunction in which the trial court determined that the association’s budgeting method was contrary to law. It ordered the association to operate the three condominiums controlled by the association under separate budgets. We affirm in part and reverse in part.
Appellant, the Condominium Association of La Mer Estates, Inc., is a condominium association organized to operate and manage three condominiums, La Mer Condominium Estates South, East, and West. In the early 1970’s the three condominiums were created by separate declarations of condominium (except for legal description and ownership percentages). They contained both a long term lease of recreational facilities and a management agreement between a developer controlled management firm and the condominium association. The articles of incorporation of the association and its bylaws are also cross-referenced and incorporated in the declarations.
Since the establishment of the three condominiums and their umbrella association, the management firm, and later the association, consolidated the financial operations for the three separate properties. In 1990 the appellees filed a complaint seeking declaratory relief, injunctive relief, an accounting and damages. The appellees alleged that Chapter 718 of the Florida Statutes and its implementing regulations require the association to keep separate accounting records for each condominium, because each condominium was created by the filing of individual declarations. It appears that the instant action arose when substantial repairs were urgently needed to the entire complex, and appellees, living in *571 the smallest of the three condominiums, did not want to subsidize the repairs to the older and larger buildings.
Appellant defended claiming that it was lawful to operate the three condominiums with a consolidated budget because it was consistent with the original offering documents. Appellees, on the other hand, point to the entire web of documents and simply state that the appellant’s position is a result “of a tortured interpretation of the clear and unambiguous terms of the declarations....” Unfortunately, neither side has cited relevant portions of the documents, and we suspect that the parties failed also to properly enlighten the trial judge as to these documents. However, our own review of the documents indicate that they are not inconsistent with the statutes and rules requiring separate budgeting of expenses attributable to particular condominiums.
Before 1973 a condominium association was required to maintain accounting records according to “good accounting practices”. See § 711.012, Fla.Stat. (1973). After 1976 the law required that the association maintain accounting records for each condominium (Supp.1976). Thereafter, in 1984 the statute required that condominium associations which operate more than one condominium must maintain separate accounting records and establish a separate budget for each condominium operated. See Fla.Admin.Code 7D-23.004; Fla.Stat. 718.111(12)(a)ll (1984 Supp.) (1991).
Pursuant to Rule 7D-23.004, expenses specific to a condominium such as the maintenance, repair or replacement of the common elements of a condominium shall be provided for in the budget of the specific condominium rather than the budget of the multi-condominium association, unless the condominiums are consolidated for financial purposes pursuant to section 718.-111(6), Florida Statutes. (Appellant claims that it should be treated as a “defacto phased condominium pursuant to section 718.111(6)”, a contention which we find without merit.)
The crux of appellant’s argument is that retroactive application of the amended law unconstitutionally impaired their existing contract rights as set forth in the condominium declarations. Appellant has not pointed to a specific right expressed in the documents which permits the consolidation of the budgets and, more importantly, the consolidation of expenses between the condominiums for repairs or alterations affecting only one of the three condominiums. Our review of the documents show that the original documents provided for budgets to be prepared for each condominium (Management Agreement 5J) and that the expenses which are general are to be allocated among the various condominiums but that expenses which served to benefit only one condominium or one group of owners are to be allocated to those benefitting from the alteration, addition or repair. See Declarations of Condominium Section XIV, Maintenance and Alterations; Management Agreement, Section 16. Thus, the documents appear consistent with the later statutory amendment and rules which require that expenses specific to a condominium shall be provided for in the budget to the specific condominium. See also, Chmil v. Mediterranean Manors Ass’n, 516 So.2d 1109 (Fla. 2d DCA 1987), rev. dismissed, 520 So.2d 583 (Fla.1988). We therefore affirm the trial court’s declaration to this extent.
Nevertheless, appellant contends that the court’s order requiring it to maintain separate budgets is too extensive in that it also establishes the system or formula for the allocation of expenses, some of which are common expenses not directly attributable to one or another buildings, such as security for the entire complex or maintenance of recreational facilities under the long term lease. Rule 7D 23.004(b), relied on by appellees, provides that expenses specific to a condominium, shall be provided for in the budget of the condominium rather than the budget of the mul-ti-condominium association. The trial court’s order decrees that appellant is ordered to operate by providing:
1) A separate budget for each of the three Condominiums of La Mer Estates;
*572 2) By maintaining separate financial records separating the expenses specific to each condominium including but not limited to maintenance, repair, refurbishment, or replacement of the common elements or limited common elements of a Condominium rather than by combining the financial operation of the three Condominiums;
3) That assessments made by the Defendants shall be limited to each Condominium based upon the specific requirements of each separate Condominium;
4) That funds of each separate condominium shall not be utilized for the maintenance, repair, refurbishment or replacement of the Condominium property and common elements or limited common elements of another condominium.
We have three concerns with respect to the order. First, the trial court uses the phrase “including but not limited to” in paragraph two with regard to the separate records required to be maintained by the condominium association for each condominium. In so doing, if the trial court intended to include common expenses borne by the complex as a whole, including items such as security, road maintenance, recreational facility maintenance and the like, then the order goes beyond the statutory requirements and the express language of the condominium documents. Second, in paragraph three the language implies that assessments might require a specific allocation formula with respect to complex wide expenses such as security which again would be contrary to the condominium documents. The Management Agreement at section 16 allows the Management firm to consolidate such expenses and allocate them in a manner it deems fair and equitable. The Declaration of Condominium gives to the Association the powers delegated to the Management Firm after the expiration of the Management Agreement. Declaration of Condominium, Section X. As there is no prohibition for such complex-wide allocation of expenses in the statute or implementing rules, the order is erroneous to the extent that it can be read as requiring separate assessment of such expenses based upon specific requirements of each condominium.
Finally, neither the statute nor the documents require the segregation of funds between the separate condominiums. In fact the Management Agreement and By-Laws of the association specifically permit commingling. Therefore, to read paragraph four as requiring separate depository accounts for each condominium would be erroneous. We therefore reverse and remand the order to the trial court to clarify its order in these regards.
Affirmed in part; reversed in part and remanded.
LETTS and POLEN, JJ., concur.