PER CURIAM.
Pensacola Advertising, Inc. (PAI) appeals an order denying a permanent injunction to prevent enforcement of a county sign ordinance under which the county had ordered the removal of PAI’s off-premises sign that PAI had relocated without obtaining a county permit. PAI contended below that, based upon the oral representations of a county employee to a PAI officer to the effect that there was “no problem” in PAI relocating its sign, it relocated the sign to a location prohibited by the sign ordinance without applying for a permit. As a result of PAI’s reliance on these representations, PAI argues that the county should be equitably estopped from enforcing its ordinance and requiring removal of the sign. We disagree and affirm.
The doctrine of equitable estoppel has been applied to erroneous representations of fact by government officials. Dolphin Outdoor Advertising v. Department of Transportation, 582 So.2d 709 (Fla. 1st DCA 1991). However, in its order below, the trial court found that PAI’s reliance on the county employee’s oral representation:
... was made unreasonably [sic] in light of [PAI’s] officer’s previous experience, knowledge and involvement in the permitting processes of the [county], where [PAI’s] officer was a professional who had assisted in drafting county sign ordinances, who worked in the local off premise sign field several years and who had applied for several permits in connection with off premise sign locations and relocations, and that this professional should have known such oral representation was an insufficient basis upon which to rely in relocating its off premise sign in violation of [the ordinance]....
These factual findings of the trial court are based upon competent and substantial evidence. Accordingly, the trial court correctly ruled that the facts did-not support equitable estoppel, and, therefore, that the county would not be enjoined from enforcing its ordinance. State Department of Revenue v. Anderson, 403 So.2d 397, 400-401 (Fla.1981). See generally 22 Fla.Jur.2d, Estoppel and Waiver, § 57 (1980).
AFFIRMED.
MICKLE and VAN NORTWICK, JJ., concur.
BOOTH, J., dissents.