711 So.2d 1217 (1998)
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellant,
v.
FIRSTMERIT BANK f/k/a Life Savings Bank, Appellee.
No. 97-02115.
District Court of Appeal of Florida, Second District.
May 8, 1998.
Rehearing Denied June 2, 1998.
*1218 Pamela S. Leslie and Marianne A. Trussell, Department of Transportation, Tallahassee, for Appellant.
Michael W. Gaines of Law Offices of Gaines & Helinger, Clearwater, for Appellee.
WHATLEY, Judge.
The Department of Transportation (DOT) appeals an order finding it liable to FirstMerit Bank (the bank) for moving expenses incurred in anticipation of a taking. We reverse.
The bank was a lessee of space in a building located along U.S. Highway 19 in Pinellas County. The bank decided to relocate after it became aware through DOT's customary precondemnation activities that DOT was planning to take part of the building's parking lot and to eliminate direct access to U.S. Highway 19 as part of a project to alter that highway. The bank determined that these changes would cause the site to no longer be viable for a commercial banking facility. Subsequent to its move, the bank filed a complaint against DOT alleging causes of action for inverse condemnation and for what was labeled equitable estoppel. After a hearing, the trial court entered an order in which it found that DOT was equitably estopped to deny payment to the bank for its moving and relocation costs. As a result of this finding, the trial court declined to reach the bank's inverse condemnation claim.
Estoppel is an affirmative defense, not a cause of action. Fla. R. Civ. P. 1.110(d). As such, it was not a proper vehicle for relief in this case. Even if it were, the bank did not establish all of its elements.
The elements of equitable estoppel are: "1) a representation as to a material fact that is contrary to a later-asserted position; 2) reliance on that representation; and 3) a change in position detrimental to the party claiming estoppel, caused by the representation and reliance thereon." Kuge v. State, Dep't of Admin., Div. Of Retirement, 449 So.2d 389, 391 (Fla. 3d DCA 1984). The trial court found that the bank had proven the second and third elements of reliance and detrimental change in position. However, the trial court did not, because it could not, find that the first element was proven.
*1219 In its complaint, the bank alleged that by virtue of certain enumerated actions, DOT represented to the bank that its property would be condemned when it was in fact not condemned. The bank stated in its complaint, however, that although a condemnation action was filed with respect to the property in September 1995 and dismissed in October 1995, DOT was merely delaying the project, not terminating it. Thus, the bank cannot assert that DOT has changed its position with regard to the condemnation of part of the property the bank was leasing. Furthermore, even if DOT had changed its position, we question whether the bank could have established that it relied on DOT's representation because it relocated before the original condemnation action was filed.
In light of the fact that the trial court declined to determine the bank's inverse condemnation claim, we will not address it.
Accordingly, we reverse the order finding that DOT is liable to pay the bank's moving and relocation expenses.
PARKER, C.J., and GREEN, J., concur.