PER CURIAM.
Martin D. Kahn appeals a fine of $2175 for filing a late campaign treasurer’s report. We reverse the order of the Florida Elections Commission and remand with directions to reduce the fine to $50.
I.
Circuit Judge Martin D. Kahn became a candidate for reelection. His campaign treasurer’s quarterly report was due on October 12, 1999. On October 13, Judge Kahn called Robert 0. Miller, Jr., an employee of the campaign treasurer, to inquire about the report. Mr. Miller realized that the report was a day late and called the Department of State’s Division of Elections. Mr. Miller asked Division employee Erik Fresen if he could file the report by fax with only the signature of the campaign treasurer. Mr. Fresen indicated that the faxed report would be accepted, and that the original report signed by both the treasurer and candidate could then be sent by mail.
According to Mr. Miller’s uncontrovert-ed affidavit, if the Division had stated that the faxed report was not acceptable, Mr. Miller would have hand carried the report to the judge’s office for signature and sent it by courier or overnight mail to Tallahassee. By statute, the placing of the report in the hands of a courier and obtaining a receipt, or placing the report in the mail with proof of mailing, means that the report is deemed filed as of that moment. § 106.07(2)(a), Fla.Stat. (1999).
Since the Division had indicated that a faxed report would be accepted, Mr. Miller faxed the report. He then mailed the original of the report to the judge for signature. The mail was delayed by Hurricane Irene. The judge received the report on October 18, and signed and mailed it to the Division that day. The post office did not postmark the letter.
The report arrived in the Division office in Tallahassee on October 20, eight days late. The Division assessed a fine of $2175.[1] By statute the fine must “be paid only from personal funds of the candidate.” § 106.07(8)(b), Fla.Stat.
Judge Kahn appealed to the Florida Elections Commission. The Commission affirmed the $2175 fine, and Judge Kahn has appealed to this court.
II.
The Division of Elections has issued a handbook in which it states its official position to be that a filing by fax is unacceptable.[2]
It is conceded that the Division of Elections advised Mr. Miller that a filing by fax would be accepted and that the signed original could be submitted by mail. Mr. Miller and Judge Kahn followed the advice the Division had given.
As a matter of common sense, the Division of Elections cannot give out incorrect advice, and then fine the candidate for following that advice. Kuge v. State Dep’t. of Admin., 449 So.2d 389, 391 (Fla. 3d DCA 1984).
*1172 It is uncontroverted that if the Division had told Mr. Miller that a filing by fax was not acceptable, then Mr. Miller would have obtained Judge Kahn’s signature and placed the treasurer’s report in the hands of a courier the same day. The treasurer’s report would thus have been only one day late, see § 106.07(2)(a), Fla. Stat., resulting in a $50 fine. We therefore reverse the order now under review and remand with directions to reduce the fine to $50.
III.
Judge Kahn argues alternatively that the Commission deprived him of due process. When his case was called, the Commission took testimony from Judge Kahn. The executive director of the Commission, acting as prosecutor, then presented her argument for upholding the fine. Judge Kahn asked for an opportunity to reply, and this opportunity was refused.
Although we do not put our reversal on this ground, the Commission must provide candidates a fair opportunity to be heard, including the opportunity to. respond to the presentation made by the executive director. The due process issue is, however, academic in this case because by our reversal the Commission must reduce the fine to $50 and no further hearing is needed.
IV.
The order of the Commission is reversed and the cause remanded with directions to reduce the fine to $50.
Reversed and remanded.

. The statutory fine is $50 per day for the first three days, then $500 per day, subject to a maximum of 25% of the total receipts or expenditures for the period covered by the late report, whichever is greater. § 106.07(8)(b), Fla.Stat.

. The Commission claims that this issue is covered by sections 106.04 and 106.07, Florida Statutes. However, as Judge Kahn correctly points out, the statute is silent on the issue of filing by fax. The statute neither authorizes it nor prohibits it. For present purposes we assume that the Division has the latitude to prohibit filing by fax.