[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 1, 2009
THOMAS K. KAHN
CLERK

No. 08-15029
Non-Argument Calendar

_____

D. C. Docket No. 08-14169-CV-DLG

JOSEPH ARUANNO,

Plaintiff-Appellant,

versus

MARTIN COUNTY SHERIFF,
et al.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 1, 2009)

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Joseph Aruanno, a pro se civil detainee, appeals the dismissal of his 42

U.S.C. § 1983 civil rights complaint alleging a Fourth Amendment violation for

wrongful imprisonment and a Fourteenth Amendment Due Process violation for denial of access to the courts. On appeal, Aruanno argues that the district court erred in dismissing his wrongful imprisonment claim as time-barred because his status as a prisoner entitled him to tolling of the statute of limitations. Aruanno also argues that the district court erred in dismissing his denial of access to the courts claim because his complaint adequately alleged such a claim.

We review de novo an appeal from a 28 U.S.C. § 1915(e)(2)(B)(ii) sua sponte dismissal for failure to state a claim upon which relief may be granted, taking all factual allegations as true. Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003). The same standards of Federal Rule of Civil Procedure 12(b)(6) also govern § 1915(e)(2)(B)(ii) dismissals. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Pursuant to 28 U.S.C. § 1915, the district court shall dismiss a case filed in forma pauperis "at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii). The district court may dismiss a complaint for failure to state a claim when it appears that the plaintiff has little or no chance of success, i.e., when the complaint on its face makes clearly baseless allegations or relies on legal

2

theories that are indisputably meritless. Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (citing Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989)).

A cause of action for a § 1983 claim accrues when "the plaintiffs know or should know (1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury." Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003). In Florida, the statute of limitations period for § 1983 claims is four years. Id.

With respect to Aruanno's first issue on appeal, there is no dispute that Aruanno filed his wrongful imprisonment claim well beyond the Florida's four year statute of limitations period.[1] His status as prisoner, standing alone, does not entitle Aruanno to tolling under Florida law, nor does the record reveal any legitimate reason to equitably toll the statute of limitations in this case.[2]

---

[1] The imprisonment that forms the basis of this lawsuit occurred in 1994, when Aruanna spent approximately 30 days in Martin County Jail. He did not file his § 1983 suit until 2008.

[2] Florida law does allow for tolling in certain instances, Fla. Stat. § 95.051, but that list is exhaustive, id. § 95.051(2); Hearndon v. Graham, 767 So.2d 1179, 1185 (Fla. 2000). In Florida, equitable tolling may be available when there is no misconduct on behalf of the defendants and "may delay the running of the limitations period based on the plaintiff's blameless ignorance and the lack of prejudice to the defendant." Major League Baseball v. Morsani, 790 So.2d 1071, 1077 n.11 (Fla. 2001). It may also be used when "a plaintiff has been misled or lulled into inaction and has in some extraordinary way been prevented from asserting his rights." Alachua County v. Chesire, 603 So.2d 1334, 1337 (Fla. 1992). Nevertheless, "[equitable] tolling is an extraordinary remedy which should be extended only sparingly." Justice v. United States, 6 F.3d 1474, 1479 (11th Cir.1993).

Accordingly, the district court did not err in dismissing the wrongful imprisonment claim and we affirm.

Turning to Aruanno's second claim, an individual's right of access to the courts is protected by the Due Process Clause of the Fourteenth Amendment. See Tennessee v. Lane, 541 U.S. 509, 523, 124 S.Ct. 1978, 1988, 158 L.Ed.2d 820 (2004). However, plaintiffs must show actual injury by demonstrating that their efforts to pursue a nonfrivolous claim were frustrated or impeded by an official's action. Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir.1998).

Aruanno has failed to allege any set of facts that shows how state officials prevented or deterred him from pursuing his action in court. Indeed, Aruanno alleges just the opposite: that he had been active in pursuing his claim despite the alleged actions by state officials. Although Aruanno describes certain conduct by his former lawyer as obstructive, the lawyer was not a state official. Therefore, Aruanno has failed to state a claim for which relief can be granted. The district court correctly dismissed Aruanno's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Upon review of the record, and consideration of the parties' briefs, we affirm.

**AFFIRMED**